UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



*********************************************

BARBARA WOODS,

        Plaintiff,

vs.

BAYSTATE HEALTH SYSTEMS,
TODD BAILEY, TOM CULHANE,
and ELIZABETH BLANEY,

        Defendants.

*********************************************

CIVIL ACTION NO.

04 - 30010 - KPN

## PETITION FOR REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Defendant, Baystate Health Systems, respectfully states:

1. On December 8, 2003, an action was commenced by Barbara Woods against Defendant, Baystate Health Systems, in the Superior Court of the Commonwealth of Massachusetts, Hampden County, Civil Action No. 03-1175. Service of the Summons and Complaint was made on Baystate Health Systems on December 31, 2003. The putative individual Defendants have not been served. Copies of the Summons and Complaint are annexed hereto as Exhibit A.

2. Plaintiff alleges, *inter alia,* racial and gender discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

3. This court has jurisdiction pursuant to 28 U.S.C. § 1331.

SKOLER, ABBOTT
& PRESSER, P.C.
ATTORNEYS AT LAW
ONE MONARCH PLACE
SUITE 2000
SPRINGFIELD, MA. 01144
(413) 737-4753

4. Removal of this action to this court is authorized by 28 U.S.C. § 1441 as it arises under the laws of the United States.

5. This Petition for Removal is filed with this court within thirty (30) days after receipt by Defendant of a copy of the initial pleading setting forth the claim for relief upon which such action is based and the Summons.

WHEREFORE, Defendant, Baystate Health Systems, pray that the above-referenced action now pending in the Superior Court, Commonwealth of Massachusetts, Hampden County, be removed to this Court.

Respectfully submitted,

*[signature]*
Jay M. Presser, Esq.
BBO No. 405760

*[signature]*
Amy B. Royal, Esq.
BBO No. 647175
Counsel for Defendant
Baystate Health Systems
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Tel. (413) 737-4753/Fax (413) 787-1941

Dated: January 20, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon the pro se Plaintiff, Barbara Woods, 33 Granville Street, Springfield, MA 01109, by first-class, U.S. mail, postage prepaid on January 20, 2004.

*[signature]*
Amy B. Royal, Esq.

SKOLER, ABBOTT
& PRESSER, P.C.
ATTORNEYS AT LAW
ONE MONARCH PLACE
SUITE 2000
SPRINGFIELD, MA 01144
(413) 737-4753

F:\OFFICE DOCUMENTS\Data\Baystate Medical\Woods, Barbara\Litigation - 03-1175\Petition for Removal.wpd

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

RECEIVED
DEC 3 1 2003
BAYSTATE HEALTH SYSTEM
EMPLOYEE RELATIONS

Rec'd in Risk Management on 12/31/
by Pamela Bourque

SUPERIOR COURT  1218
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 03-1175

BARBARA WOODS , PLAINTIFF(S)

V.

BAYSTATE HEALTH SYSTEMS
TODD BAILEY - TIM COLHANE
ELIZABETH BLANEY , DEFENDANT(S)

SUMMONS

A TRUE COPY ATTEST
[Deputy Sheriff Hmpd Ct. stamp]
12/31/03

To the above named defendant:

You are hereby summoned and required to serve upon Pro Se Barbara Woods 33 Granville St, Spfld Mass 01109 , plaintiff's attorney, whose address is you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the _____ day of _____ in the year of our Lord two thousand three.

_Marie G. Mazza_
Clerk / Magistrate

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

Plaintiff
Barbara Woods

November 10, 2003

V
Baystate Health
Systems

Plaintiff proceeds with a civil action to the court
To appeal a MCAD decision that Baystate Health
Has discriminated against me terminating me and
Retaliating against for what I believed were racial
Comments and as amended sex discrimination in
violation of M.G.L.c.151B and the Civil rights act
Of 1964 First Amendment rights, due process of
law 14 Amendment Libel Slander defamation
Intentional Tort

The Particulars are,
1. Management consisted of Todd Bailey Supervisor for the O.R. Dep
Burt Ives supervisor for the Emergency Rooms
Tracy Malloy Supervisor 2nd shift
Tim Culhane Manager
Moira Plummer Lead Person on nights
2. I began my employment at Baystate Health in the environmen dept, on October 21,02
3. Don Potter a white co-worker was assigned to train me in that dept by the lead Plummer during my training Potter and I were walking down a hallway when he saw my brother approaching and states to me here comes your ugly brother, my brother is a African American of black skinned color, I was in shock at his comment and found it

offensive.

4. My brother is also employed by Baystate

5. I spoke with Potter and told him that I found it offensive and racial and was not happy about it, and that he had some issue to deal with as far as being prejudiced, Potter admits to me in our conversation that he has not insulted any white co-workers in this fashion.

6. Potter began to feed management with false information Potter tells management I was running around calling him Prejudiced

7. At the end of training end of October or early November a meeting was held with all staff present Annie Gamble, Caroline Anzezee Don Potter Bailey and Plummer I thought the meeting was to determine schedule Before the meeting Potter and Bailey go around the Corner talking, the meeting began with talk of days Off, however before it ended Bailey requested a private Meeting with me, before going to this meeting I had to Go back to the O.R. dept where I Potter seen me walking When he saw me Potter stated where are you going smiling Don't you have a meeting with Todd, I ask him how did He know he just smiled. I went to this meeting where I was interrogated by Bailey for what Potter was Saying that I was running around calling him prejudiced I reminded Bailey about our first interview and how he Said I should stay away from gossip, But I replied no Comment at this time.

8. The next night another meeting held present Gamble Plummer Bailey, Bailey claims Gamble told him I said This to her when I ask her she stated that she didn't tell Bailey then Plummer says that Potter and Caroline are

Saying that I never said that to Caroline but did tell
Them that I believed he had a issue with color because
Of his racial comment about my brother, Plummer the
Lead supervisor began to cry in this meeting and defends
Potter, Annie Gamble began to explained that whiling
She was training me I ask her where she was going
And she found that questioned unbearable she began
To cry Before the meeting started Bailey inform us all
To speak freely and all that would be said would be
Confidential and we would resolve the matter amongst
Ourselves the meeting was not successful .
9. The next night another meeting held present Bailey,
Plummer Potter  Bailey begins talking about what I
Believe Potter jumps up screaming and yelling and
I could not understand him, I was sitting and ask Bailey
Was he going to allow him to treat me like that Bailey
Reply was that he was upset, Potter runs out saying
He quits Plummer rans after him Bailey inform me
That He going to write me up for what another co-worker
Said in the first meeting when I ask her where she was
Going. Bailey tells me that I am over-sensitive creature
The meeting ended with Bailey also trying to catch Potter
10. After these 2 meetings I became the target of retaliating
for what I believed was a racial comment, Bailey informed
my brother Daniel Woods about the comment I kept this
racial comment secret and had no intention of telling my
brother what Potter actual thought about his color. Bailey
takes my brother to Tim Culhane  and they began to interrogate
him about Potter and suggest to him what would he had done
if Potter said that to him, Danny replied I don't know it wasn't
said to me. Management interrogated him until he said he didn't

feel it was a prejudiced statement but a insult.

11. The next day manager held another meeting present Bailey Culhane management suggest that Potter has said he was sorry Which he did not, and that I was protected from this harassement Yet I was moved from my area to a different dept, where Burt Ives became my new supervisor.

12. When I arrived for work I looked at that work schedule In the emergency rooms there are two sides side A and Side B I was assigned to side A I looked for the lead but she wasn't Around but their was an employee Annette Harris who told Me that she had no authority to take me to the emergency Rooms Annette worked side B, I had to stand around until Lead person Plummer showed up Plummer assigned Millie X to train me in that dept. around 4.00am I sat down in my Dept when I heard a voice yelling from around the corner It was Annette Harris I didn't understand her until she came Got closer to me she was saying get up from there, I suggested To here that I felt it wasn't her business that I was sitting Down I was feeling ill, then Miss Harris began to say that That if someone told me to get up from there she would Have said thank-you I replied that your opinion I feel We all have freedom of speech. Soon after Plummer Arrives and Annette reports this to her, Plummer never Ask me what happen but I inform her that I was just Sitting for minute because I felt ill, I didn't get any Response from Plummer.

13. At the end of my shift I was in another meeting Burt Ives was informed of the incident about Annette but when it was told him Annette was suppose to be crying and shaking Mr. Ives told me that it was there rule that if you see Someone doing something wrong you could report them

I ask him what if a person tells false information to management
He said that could get in trouble, that day Mr. Ives elected
To welcome me abroad and didn't write up the incident.
14. The next night a phone call came in the emergency rooms
for Annette Harris from Todd Bailey in which he overheard
of the incident and elected to enquire about it I noticed
Bailey talking with Annette and 24 hrs later she appeared
To cry again ,that morning Bailey held a meeting present
My new supervisor Ives Bailey interrogated about what
Miss Harris was saying and what Miss gamble said and
Wanted me to sign documents that I didn't agree with
I looked to Burt for help but to no avail I was feeling
Threatened I suggested I need help from a outside
Sources like the MCAD and NAACP and whoever
Can help me I ask could I bring someone to the next
Meeting Bailey insisted that I answered him I ask
Him to leave me alone, and that he was just harassing
Me for that Potter incident I heard Bailey say that
He was going to write me up for insubordination
I was never given any direct order from Bailey.
This meeting was unscheduled and I had to leave.
15. The next day Burt Ives and Tracy Malloy held a meeting
in which I was written up for insubordination to a supervisor
insubordination to a co-worker I refused to sign these documents
but Mr. Ives inform that if I had no other infractions in a year
that he would just threw it out.
16. Then about in a week I was brought to management
Bailey and Culhane and was terminated for the same alleged
Infractions that Burt Ives gave me a verbal warning for I
Inform management that I felt that they were retaliating
Against me.

## In Conclusion

I was subjected to a unsafe environment and cruel treatment
By staff and management I was systemically removed from
Job and denied my freedom of speech and liberty and due
Process I was harassed and discriminated against and treated
Unfairly retaliated against for my belief, I was written up on
False charges and was called a over –sensitive creature as
Compared to my male co-worker I respectfully submit
That the courts would grant me the right to have this case
Heard, I have high blood now because of the stress and
Have spoken with the clergy for counseling about this
Case.

Made under penalties of Law
Barbara W [signature]