UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA WOODS,<br><br>                    Plaintiff,<br><br>vs.<br><br>BAYSTATE HEALTH SYSTEMS, TODD BAILEY, TOM CULHANE, and ELIZABETH BLANEY<br><br>                    Defendants. | CIVIL ACTION NO. 04-30010-KPN<br><br><br>**DEFENDANT BAYSTATE HEALTH SYSTEMS' PARTIAL MOTION TO DISMISS** |

The Plaintiff, Barbara Woods, has filed a *pro se* Complaint against Defendant Baystate Health Systems (hereinafter "Defendant") and various supervisors/managers.[1] Plaintiff had previously filed an administrative charge of discrimination with the Massachusetts Commission Against Discrimination, which was administratively dismissed. The opening of this *pro se* Complaint states:

> Plaintiff proceeds with a civil action to the court To appeal a MCAD decision that Baystate Health System Has discriminate against me terminating me and Retaliating against for what I beleived were racial Comments and as amended sex discrimination in violation of M.G.L. Ch. 151B and the Civil rights act Of 1964 First Amendment Rights, due process of law Amendment Libel Slander defamation and Intentional Tort.

It then proceeds to list "the particulars."

Clearly, the instant Complaint does not comply with all the Rules of Civil Procedure. However, Defendant is cognizant of the latitude often justifiably afforded to *pro-se* plaintiffs. Accordingly, inasmuch as Defendant, based on the prior administrative proceeding, is at least cognizant of the essential claims and facts relating to allegations

---

[1] The individual Defendants have not as yet been served.

of discrimination under Title VII and M.G.L. Ch. 151B, it is not, with this Motion, seeking

to have those claims of discrimination dismissed.

However, whether *pro se* or not, Defendant must file a Responsive Pleading to

the Complaint as filed, including appropriate affirmative defenses, or risk waiving its

defense and/or being compelled to engage in costly and expensive discovery over

claims that are legally deficient or perhaps not even truly intended.  Thus, the

Defendant, by this Partial Motion, and pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, moves to dismiss all claims other than the discrimination claims to

which the factual allegations seemingly apply, *i.e.*, the claims of discrimination under

Title VII of the Civil Rights Act and M.G.L. Ch. 151B.

Specifically, through this Partial Motion to Dismiss, the Defendant moves that this

Court dismiss the following counts:  First Amendment; 14th Amendment Due Process of

Law; Libel/Slander/Defamation; and Intentional Tort for failure to state a claim upon

which relief can be granted.  The reasons in support of this Motion are fully set forth in

the accompanying Memorandum of Law.

Respectfully submitted,

   /Jay M. Presser, Esq./
Jay M. Presser, Esq.
BBO No. 405760

   /Amy B. Royal, Esq./
Amy B. Royal, Esq.
BBO No. 647175
Counsel for Defendant
Baystate Health Systems
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144
Dated:  January 26, 2004          Tel. (413) 737-4753/Fax (413) 787-1941

-2-

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing *Defendant Baystate Health Systems' Partial Motion to Dismiss* was served upon the pro se Plaintiff, Barbara Woods, 33 Granville Street, Springfield, MA  01109, by first-class, U.S. mail, postage prepaid on January 26, 2004.

                          /Amy B. Royal, Esq./
                          Amy B. Royal, Esq.

F:\OFFICE DOCUMENTS\Data\Baystate Medical\Woods, Barbara\Litigation - 03-1175\Motion to Dismiss2.wpd