UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA WOODS,<br><br>                Plaintiff,<br><br>vs.<br><br>BAYSTATE HEALTH SYSTEMS, TODD BAILEY, TOM CULHANE, and ELIZABETH BLANEY<br><br>                Defendants. | CIVIL ACTION NO. 04-30010-KPN<br><br>**DEFENDANT BAYSTATE HEALTH SYSTEMS' MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS** |

**I.  Introduction**

The Defendant, Baystate Health Systems, has moved to dismiss the following four "counts" in Plaintiff's complaint: (1) First Amendment; (2) 14th Amendment Due Process; (3) Libel, Slander, Defamation; and (4) Intentional Tort on the grounds that each of these counts fails to state a claim upon which relief can be granted.[1]

**II.  ARGUMENT**

    **A.**    **Standard of Review.**

A motion to dismiss is appropriate and should be granted when a review of the complaint shows that the plaintiff can prove no set of facts in support of her claims against the defendant that would entitle her to relief.  *See*, Fed. R. Civ. P. 12(b)(6); Wagner v. Devine, 122 F.3d 53, 55 (1st Cir. 1997), *cert. denied*, 522 U.S. 1090 (1998). While the Plaintiff is entitled to reasonable inferences when the plaintiff's do not establish recognized legal theories for which relief may be granted, they must be

---

[1] For the reasons cited in the Motion itself, the Defendant is not seeking to dismiss the claims of discrimination under Title VII of the Civil Rights Act, or M.G.L. Ch. 151B.

dismissed. *See*, Wehrenger v. Powers & Hall, 824 F. Supp. 425 (D.Mass. 1995); *see, also,* Wilson v. Civil Town of Clayton, 839 F.2d 375 (7th Cir. 1988).

### B. Plaintiff Cannot Set Forth Any Facts to Support a First Amendment Claim.

Plaintiff's First Amendment claim should be dismissed as Defendant, a private not-for-profit hospital, is a private actor. State action is necessary in order to trigger First Amendment protections. *See*, Yeo v. Town of Lexington, 131 F.3d 241, 248-49 (1st Cir. 1997). Generally, there are no first amendment obligations on private actors. State action can only be ascribed to a private actor when: (1) there is a financial or regulatory nexus between the private actor and the government that caused the private actor to act as it did; (2) the private actor assumes what is traditionally a public function; or (3) the private actor has a symbiotic relationship with the government. *See,* Ponce v. Basketball Fed'n of Commw. of P.R., 760 F.2d 375, 377 (1st Cir. 1985). Here, the Defendant, Baystate Health Systems, has no such relationship with the government and is without question a private actor. Absent state action, the Plaintiff will be able to prove no facts in support of her First Amendment claim. Accordingly, it should be dismissed.

### C. Plaintiff Cannot State a Claim for 14th Amendment Due Process Violations.

Similarly, Plaintiff's 14th Amendment due process claim must be dismissed as the Fourteenth Amendment only protects individuals from government action. *See,* Logiodice v. Trustees of Me. Cent. Inst., 296 F.3d 22, 26 (1st Cir. 2002). Again, as Defendant is not a state actor, this claim fails, and should be dismissed.

D. **Plaintiff's Libel/Slander/Defamation Claim Must Be Dismissed as it Fails to State a Cause of Action.**

Plaintiff's defamation claim must be dismissed as Plaintiff has not articulated any facts with the requisite amount of specificity to maintain her claim. Under Massachusetts law, "a defendant is entitled to knowledge the precise language challenged as defamatory." Phantom Touring, Inc. v. Affiliated Publ'ns, 953 F.2d 724, 728 (1st Cir. 1992). Massachusetts courts apply a strict standard to defamation complaints, requiring defamation plaintiffs to plead the following elements in order to withstand a motion to dismiss: "(1) the general tenor of the libel or the slander claim, along with the precise wording of at least one sentence of the alleged defamatory statement(s); (2) the means and approximate dates of publication; and (3) the falsity of those statements." Dorn v. Astra USA, 975 F. Supp. 388, 396 (D. Mass. 1997). *See, also,* Mulvihill v. Spalding Sports Worldwide, Inc., 184 F. Supp.2d 99, 103-104 (D.Mass. 2002) ("In Massachusetts, defamation claims are subject to special pleading requirements. The Massachusetts Supreme Judicial Court has stated that defamation traditionally is a disfavored action, and that courts have applied a stricter standard to complaints for defamation by requiring defamation plaintiffs to plead the elements of their claims with specificity in order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)).

Plaintiff has not satisfied these requirements: she has not stated the specific wording of any defamatory statement nor has she stated the means and dates of their publication or their falsity. Because Plaintiff has not identified the specific language that she considers defamatory, Defendant can only assume that Plaintiff contends that the

following two statements are defamatory: "Potter began to feed management with false information" and "Bailey tells me that I am over-sensitive creature."  See, Plaintiff's Complaint, ¶¶ 6 and 9.[2]  Neither of these statements qualify as defamatory nor do they meet the requisite requirements to withstand dismissal.  Plaintiff has failed to state the precise wording of the defamatory language, has not named any one specific individual to whom such statements were published, nor has she stated the means by which the statements were published or their approximate dates of publication.

Moreover, Defendant submits that "feed[ing] management with false information" does not qualify as a statement.  Because Plaintiff has not pleaded the elements with any particularity, the defamation claim should be dismissed.[3]

---

[2] Defamation claims in the employment context are particularly problematic given that managers have a duty to discuss and relay negative information about subordinates in the course of performing their job.  Such comments are privileged.  Judd v. McCormack, 27 Mass. App. Ct. 167, 175 (1989), Dietz v. Bytex Corp., 1994 WL 879690 (Mass. Super. 1994). As a result, a supervisor's subjective assessment of an employee's job performance is simply not actionable defamation.  Underwood v. Digital Equipment Corp., 576 F. Supp. 213, 217 (D.Mass. 1983).  As a result, in practical terms, "[o]ne cannot sue his boss for expressing negative opinions about job performance." Weise v. Courier Corp, 1994 WL 879681, *3 (Mass. Super.); Elicier v. Toys R Us, Inc.,130 F. Supp.2d 307, 311-312 (2001) "An employer has a conditional privilege to disclose defamatory information concerning an employee when the publication is reasonably necessary to serve the employer's legitimate interest in the fitness of an employee to perform his or her job." Bratt v. International Business Machs. Corp., 392 Mass. 508, 509, 467 N.E.2d 126 (1984).  Work criticisms of Plaintiff would enjoy "the qualified privilege of an employer or supervisor to monitor, discuss, and attempt to improve subordinates' performance." Anderson v. Boston School Committee, 105 F.3d 762, 736 (1st Cir. 1997) (references, inter alia, to erratic behavior).  See, also, McCone v. New England Tel. & Tel. Co., 393 Mass. 231, 235-236, 471 N.E.2d 47 (1984).

[3] Dismissal of the defamation claim could be done without prejudice to the right to amend, if within 30 days she wished to file an amended claim of defamation setting forth the defamation claim with sufficient particularity.  Any such claim should be required "to specify (a) the individual or individuals who uttered the defamatory statements; (b) the approximate dates of the defamation; (c) the way the defamation was uttered, i.e., orally, by office memorandum, or by newspaper publication; (d) the third party or parties who heard or read the defamatory statement; and (e) the precise wording of at least one sentence of the defamation." Mulvihill v.
(continued...)

**E.      Plaintiff Has Failed To State a Claim for an Intentional Tort Claim.**

Plaintiff's intentional tort claim should be dismissed as she has not stated the precise nature of her claim nor has she supported her claim with specific facts. Although a *pro se* plaintiff's claim is liberally construed and held to "less stringent standards" than one drafted by an attorney, a claim is considered insufficient when the plaintiff relies upon "bald assertions, unsupportable conclusions, and opprobrious epithets." Dartmouth Review v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989) *quoting* Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987). The "duty to be 'less stringent' with pro se complaints does not require [the court] to conjure up implied allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979). Under Rule 8(a) of the Federal Rules of Civil Procedure, the plaintiff must articulate "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this requirement may be deemed minimal, the plaintiff's complaint must provide the defendant with fair notice of what the plaintiff's claim is and the grounds on which it rests. *See,* Boston & Maine Corp. v. Town of Hampton, 987 F.2d 855, 865 (1st Cir. 1993). "The threshold [for stating a claim] may be low, but it is real – and it is the plaintiff's burden to take the step which brings [her] case safely into the next phase of litigation." Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). Because Plaintiff's claim for intentional tort does not provide Defendant with adequate notice, it is fatally deficient for failing to state a claim, and, accordingly should be dismissed.

---

[3](...continued)
Spalding Sports Worldwide, Inc., 184 F. Supp.2d 99, 104 (D.Mass., 2002).

Once again, it is appropriate to address this issue at this stage since, if it had been properly pled, it is likely that it would be subject to dismissal. Thus, many intentional torts are unavailable to employees either because they are subsumed by claims either by the discrimination laws or they are barred by the exclusivity provisions of M.G.L. Ch. 152. Brown v. Nutter, McClennen & Fish, 45 Mass. App. Ct. 212, 215 (1998); Doe v. Purity Supreme, Inc., 422 Mass. 563, 664 N.E.2d 815, 818 (1996); Green v. Wyman-Gordon Co., 422 Mass. 551, 560-61 (1996). The particulars cited do not even advise the Defendants or the court what intentional tort is being alleged, much less provide a factual basis for supporting such a claim as one that could survive this Partial Motion to Dismiss.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests that each of the above-mentioned counts of Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted.

                              Respectfully submitted,

                              /Jay M. Presser, Esq./
                              Jay M. Presser, Esq.
                              BBO No. 405760

                              /Amy B. Royal, Esq./
                              Amy B. Royal, Esq.
                              BBO No. 647175
                              Counsel for Defendant
                              Baystate Health Systems
                              Skoler, Abbott & Presser, P.C.
                              One Monarch Place, Suite 2000
                              Springfield, Massachusetts  01144
Dated:  January 26, 2004            Tel. (413) 737-4753/Fax (413) 787-1941

CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing *Defendant Baystate Health Systems' Memorandum in Support of its Partial Motion to Dismiss* was served upon the pro se Plaintiff, Barbara Woods, 33 Granville Street, Springfield, MA 01109, by first-class, U.S. mail, postage prepaid on January 26, 2004.

                                                        /Amy B. Royal, Esq./
                                                       Amy B. Royal, Esq.

F:\OFFICE DOCUMENTS\Data\Baystate Medical\Woods, Barbara\Litigation - 03-1175\Memorandum of Law in Support of Motion to Dismiss2.wpd