UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BARBARA WOODS,

                    Plaintiff,

vs.

BAYSTATE HEALTH SYSTEMS, TODD
BAILEY, TOM CULHANE, and
ELIZABETH BLANEY

                    Defendants.

CIVIL ACTION NO. 04-30010-KPN

**DEFENDANT BAYSTATE HEALTH
SYSTEMS' OPPOSITION TO
MOTION FOR REMAND**

Pro-Se Plaintiff, Barbara Woods, filed a Complaint which, *inter alia*, alleged causes of action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000 et. seq. ("Title VII") and M.G.L. Ch. 151B.[1]  Defendant Baystate Health Systems, the only Defendant served to date, removed the Complaint based on federal question jurisdiction.  Plaintiff has filed a document entitled "Motion for Remand."  The Motion has several assertions that it is appropriate to clarify for the court.  Defendant opposes remand and submits that the case was properly removed.

In Paragraph 1 of the Motion for Remand the Plaintiff asserts "*Defendant was served on Dec. 31, 03 I have enclosed a copy Of the last two pages of respondent position statement before the MCAD in which Elizabeth BLaney represented Baystate Health System along with counsel Jay Presser.*"[sic]

In fact, Complainant filed a charge of discrimination with the Massachusetts Commission Against Discrimination.  Only Defendant Baystate Health Systems was

---

[1]Defendant Baystate Health Systems, the only Defendant actually served, has filed a Partial Motion to Dismiss other claims that seemingly are raised by the Complaint.

named as a Respondent.  Elizabeth Blaney, in her capacity as Employee Relations

Consultant for Baystate Health System, filed a Statement of Position with the

Massachusetts Commission Against Discrimination on behalf of Respondent Baystate

Health System.

The administrative charge was dismissed by the Massachusetts Commission

Against Discrimination, after which Plaintiff exercised her right to file an administrative

appeal of the dismissal with the Massachusetts Commission Against Discrimination.  An

appeals hearing was filed at which time the undersigned filed an Appearance on behalf

of Baystate Health System, and appeared at the Appeals Hearing conducted by the

Massachusetts Commission Against Discrimination.  The appeal was dismissed shortly

thereafter and on or about December 31, 2003, Baystate Health System (and only

Baystate Health System) was served with the instant Complaint.

In Paragraph 2 the Plaintiff states:  "*Defendants Todd Bailey & Tim Culhane are

the parties Elizabeth Blaney represented, written in Summons as Baystate Health

employees.*"[sic]

While Defendant is not entirely clear as to what precisely is being alleged, the

Massachusetts Commission Against Discrimination proceedings named only the

institution as a Respondent.  At an appropriate time it may be necessary for a court to

determine whether the putative individual Defendants are subject to a claim of

discrimination when they were not named as Respondents in the administrative

charge.[2]  However, since the removal was based on a federal question, whether the

---

[2]*See*, Powers v. H.B. Smith Co., Inc., 42 Mass. App. Ct. 657, 679 N.E.2d 252 (1997),
*rev. denied*, 425 Mass. 1105, 682 N.E.2d 1362 (1997), and King v. First, 46 Mass. App. Ct. 372,

individual named Defendants are appropriate parties is immaterial to any question currently before the court.

In Paragraph 3 the Plaintiff states:  "*In late Dec, I called Attorney Presser to see if he still represented Baystate Health Systems inform him I would have the summons delivered to his office, I was led to believe that perhaps they Would use other counsel.*" [sic]

The assertions are basically accurate.  Plaintiff contacted the undersigned to ask, in essence, if the undersigned would accept service of a civil complaint.  I indicated that I could not, since Baystate Health Systems would, on occasion, use counsel for civil litigation that was different from counsel that had appeared on its behalf before the administrative agency.  I indicated, in substance, that it would therefore be presumptuous of the undersigned to accept service of a civil complaint.  However, the undersigned obtained Plaintiff's telephone number, and later that same day, after receiving permission from Baystate Health Systems, informed her that rather than having to pay a sheriff, service on Baystate Health Systems could be effectuated by her

---

705 N.E.2d 1172, 1174 (1999) (Holding no liability when, *inter alia*, Plaintiff knew the identity of the individual and the alleged discriminatory conduct when the original charge was filed, but did not name the individual.  Allowing a claim against the individual "would vitiate the purpose of the MCAD filing requirement to provide notice to a defendant of a potential lawsuit and to give him an opportunity to conciliate".)  Several Superior Court decisions, as well as federal district court decisions have precluded an action against a party not named in the charge even if the narrative of the charge describes the person as the wrongdoer.  *See, e.g.*, Salhab v. Middlesex County, 2 Mass. L. Rptr. No. 4, 72 (Mass. Super. 1994); Riebold v. Eastern Casualty Insurance Company, Inc., 6 Mass. L. Rptr, No. 32, 706, 1997 WL 311523 (Mass. Super. 1997).  *See, also*, Mitchell v. New England Home for Little Wanderers, Inc., 1999 WL 475970 (Mass. Super. 1999); Albee v. New England Medical Center Hospitals, Inc., 1997 WL 691524 (Mass. Super. 1997); and Andrews v. Cressy, 1998 WL 157002, *3 (Mass. Super. 1998).  Compare, Avitable v. W.M. Gulliksen Mfg. Co., Inc., et. al., 12 Mass. L. Rptr. 653, 2001 WL 175520 (Mass. Super.); Chatman v. Gentle Dental Center of Waltham, 973 F. Supp. 228 (D.Mass. 1997).

dropping off a copy of the Complaint at the Risk Management office of Baystate Health Systems.  There was no discussion regarding the existence of, much less service upon, any other putative Defendants.

Paragraph 4 indicates that *"Peradventure removal of this action is authorized under U.S.C. 28 section 1441."*  While not entirely sure of what is being asserted, to the extent Plaintiff contends that it is questionable that removal is authorized under 28 U.S.C. § 1441 when, as here, the Complaint contains an allegation that Title VII has been violated, Plaintiff is simply wrong.

Similarly, as to Paragraph 5, 28 U.S.C. § 1404 deals with venue within the district, and is not applicable to the appropriateness of remand.  Since all parties reside in this district, and in fact the counties served by the Western Section, venue is appropriate.

Respectfully submitted,

    /Jay M. Presser, Esq./
Jay M. Presser, Esq.
BBO No. 405760
Counsel for Defendant
Baystate Health Systems
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144
Dated:  January 30, 2004                    Tel. (413) 737-4753/Fax (413) 787-1941

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Opposition to Motion For Remand* was served upon the pro se Plaintiff, Barbara Woods, 33 Granville Street, Springfield, MA  01109, by first-class, U.S. mail, postage prepaid on January 30, 2004.

    /Jay M. Presser, Esq./
Jay M. Presser, Esq.

-4-