Commonwealth of Massachusetts
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

### HDCV2003-01175
### Woods v Baystate Health Systems

04 CV 30010-KPN

| | | | |
|---|---|---|---|
| File Date | 12/08/2003 | Status | Disposed: transfered to other court (dtrans) |
| Status Date | 01/26/2004 | Session | B - Civil B - CtRm 5 |
| Origin | 1 | Case Type | E17 - Civil Rights Act (12.011H-1) |
| Lead Case | | Track | A |

| | | | | | |
|---|---|---|---|---|---|
| Service | 03/07/2004 | Answer | 05/06/2004 | Rule12/19/20 | 05/06/2004 |
| Rule 15 | 03/02/2005 | Discovery | 01/26/2006 | Rule 56 | 03/27/2006 |
| Final PTC | 07/25/2006 | Disposition | 12/07/2006 | Jury Trial | Yes |

#### PARTIES

**Plaintiff**
Barbara Woods
33 Granville St
Springfield, MA 01109-3320
Phone: 413-732-2924
Active 12/08/2003 Notify

**Defendant**
Baystate Health Systems
Served: 12/31/2003
Served (answr pending) 01/06/2004

**Private Counsel 405760**
Jay M Presser
Skoler Abbott & Presser PC
1 Monarch Place
Suite 2000
Springfield, MA 01144
Phone: 413-737-4753
Fax: 413-787-1941
Active 01/27/2004 Notify

**Private Counsel 647175**
Amy B Royal
Skoler Abbott & Presser PC
One Monarch Place
Suite 2000
Springfield, MA 01144
Phone: 413-737-4753
Fax: 413-787-1941
Active 01/27/2004 Notify

#### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 12/08/2003 | 1.0 | Affidavit of indigency |
| 12/08/2003 | | Origin 1, Type E17, Track A. |
| 12/08/2003 | | #1--Allowed with process to be served. (John A. Agostini, Justice) m. 12/10/03 |
| 12/08/2003 | 2.0 | Determination re fees and costs. Waived in full. (William L. Eason, Asst. Clerk) |
| 12/08/2003 | 3.0 | Complaint & civil action cover sheet filed |
| 01/06/2004 | 4.0 | SERVICE RETURNED: Baystate Health Systems(Defendant) |
| 01/22/2004 | 5.0 | Request upon clerk to default (55a) re: Baystate Health Systems by Barbara Woods |

MAS-20030312  Case 3:04-cv-30010-KPN   Document 10-2   Filed 02/06/2004   Page 2 of 15   02/03/2004
liebeldo                    Commonwealth of Massachusetts                                        08:11 AM
                               HAMPDEN SUPERIOR COURT
                                     Case Summary
                                      Civil Docket

### HDCV2003-01175
### Woods v Baystate Health Systems

| Date | Paper | Text |
|---|---|---|
| 01/26/2004 | 6.0 | Deft's notice of removal to U.S. District Court. |

**EVENTS**



A TRUE COPY
OF THE DOCKET MINUTES:
IN WITNESS WHEREOF, I hereunto
set my hand, and have caused the seal
of the Superior Court for the County
of Hampden to be affixed on this
day of

_____
DEPUTY ASSISTANT Clerk

# DETERMINATION REGARDING FEES / COSTS

_____  Court

**03-1175**
Case Name and Number

Name of Applicant __BARBARA WOODS__

Address __33 Granville St__  __Springfield__  __MA 01109-3320__
(Street and number)  (City of Town)  (State and Zip)

## FORTHWITH DETERMINATION BY CLERK (Register, Recorder)

☐ **ALLOWED FORTHWITH.** The applicant's affidavit appears regular and complete on its face, indicates that the applicant is indigent, and requests waiver, substitution or payment by the Commonwealth of normal fees and costs only. Pursuant to G. L. c. 261, § 27C(2), the application is therefore ALLOWED forthwith without hearing, and the normal fees and costs indicated in the application are:

☑ waived in full    ☐ to be paid by the Commonwealth in the amount of $

HAMPDEN COUNTY
SUPERIOR COURT
FILED
DEC -8 2003

CLERK-MAGISTRATE

☐ **REFERRED TO A JUDGE.** The applicant's affidavit does not satisfy all the conditions of § 27C(2), and is therefore referred to a judge pursuant to § 27C(3), because:

☐ The affidavit is not regular and complete on its face.

☐ The affidavit does not indicate that the applicant is indigent within the meaning of § 27A.

☐ The affidavit requests waiver, substitution or payment by the Commonwealth of **extra** fees and costs.

Comments:

Describe fees and costs waived:

Date 12-08-03    Clerk-Magistrate/ Assistant Clerk (register, recorder/assistant)

X __William F Eason asst Clerk__

**DETERMINATION BY JUDGE** ☐ after hearing  ☐ without hearing

A true copy.
Attest:
_____
Deputy Assistant Clerk

**NORMAL FEES AND COSTS**

☐ The application is **ALLOWED** with respect to the normal fees and costs indicated in the application, and they are ordered:

☐ waived in full.  ☐ to be paid by the Commonwealth in the amount of $_____.

☐ waived in part. I find th____ is within the applicant's limited finan___ means to pay a reduced amount of $_____.

☐ to be avoided by the provision of _____ to the applicant, pursuant to § 27F, as an alternative which is available at lower or no cost, is substantially equivalent and does not materially impair the rights of any party.

☐ The application is **DENIED** with respect to the normal fees and costs indicated in the application, because I find that:

☐ The applicant is not indigent within the meaning of § 27A.

☐ Other:

Describe normal fees and costs waived:

## EXTRA FEES AND COSTS

☐ The application is **ALLOWED** with respect to the extra fees and costs indicated in the application, and they are ordered:

☐ waived in full. ☐ to be paid by the Commonwealth in the amount of $_____.

☐ waived in part. I find that it is within the applicant's limited financial means to pay a reduced amount of $_____.

☐ to be avoided by the provision of _____ to the applicant, pursuant to § 27F, as an alternative which is available at lower or no cost, is substantially equivalent and does not materially impair the rights of any party.

☐ The application is **DENIED** with respect to the extra fees and costs indicated in the application, because I find that:

☐ The applicant is not indigent within the meaning of § 27A.

☐ The document, service or object is not reasonably necessary to assure the applicant as effective a prosecution, defense or appeal as if the applicant were financially able to pay.

☐ Other:

Describe extra fees and costs waived:

Date                    Judge

                          X

**The applicant may appeal denial of this application by filing a notice of appeal with the clerk (register, recorder) of this court within 7 days from notice of denial.**

03 1175

Plaintiff
Barbara Woods

HAMPDEN COUNTY
SUPERIOR COURT
FILED
DEC - 8 2003

*signature*
CLERK-MAGISTRATE

November 10, 2003

V

Baystate Health
Systems

Plaintiff proceeds with a civil action to the court
To appeal a MCAD decision that Baystate Health
Has discriminated against me terminating me and
Retaliating against for what I believed were racial
Comments and as amended sex discrimination in
violation of M.G.L.c.151B and the Civil rights act
Of 1964 First Amendment rights, due process of
law 14 Amendment Libel Slander defamation
Intentional Tort

The Particulars are,
1. Management consisted of Todd Bailey Supervisor for the O.R. Dep
Burt Ives supervisor for the Emergency Rooms
Tracy Malloy Supervisor 2nd shift
Tim Culhane Manager
Moira Plummer Lead Person on nights
2. I began my employment at Baystate Health in the environmen dept, on October 21,02
3. Don Potter a white co-worker was assigned to train me in that dept by the lead Plummer during my training Potter and I were walking down a hallway when he saw my brother approaching and states to me here comes your ugly brother, my brother is a African American of black skinned color, I was in shock at his comment and found it

No. of Plffs. one
Fee Paid - $ _____ Cash - Check
Surcharge Paid - $ _____ Cash - Check
Security Fee - Paid - $ _____ Cash - Check
Received by B.H.

3

offensive.

4. My brother is also employed by Baystate

5. I spoke with Potter and told him that I found it offensive and racial and was not happy about it, and that he had some issue to deal with as far as being prejudiced, Potter admits to me in our conversation that he has not insulted any white co-workers in this fashion.

6. Potter began to feed management with false information Potter tells management I was running around calling him Prejudiced

7. At the end of training end of October or early November a meeting was held with all staff present Annie Gamble, Caroline Anzezee Don Potter Bailey and Plummer
I thought the meeting was to determine schedule
Before the meeting Potter and Bailey go around the
Corner talking, the meeting began with talk of days
Off, however before it ended Bailey requested a private
Meeting with me, before going to this meeting I had to
Go back to the O.R. dept where I Potter seen me walking
When he saw me Potter stated where are you going smiling
Don't you have a meeting with Todd, I ask him how did
He know he just smiled. I went to this meeting where
I was interrogated by Bailey for what Potter was
Saying that I was running around calling him prejudiced
I reminded Bailey about our first interview and how he
Said I should stay away from gossip, But I replied no
Comment at this time.

8. The next night another meeting held present Gamble Plummer Bailey, Bailey claims Gamble told him I said This to her when I ask her she stated that she didn't tell Bailey then Plummer says that Potter and Caroline are

Saying that I never said that to Caroline but did tell
Them that I believed he had a issue with color because
Of his racial comment about my brother, Plummer the
Lead supervisor began to cry in this meeting and defends
Potter, Annie Gamble began to explained that whiling
She was training me I ask her where she was going
And she found that questioned unbearable she began
To cry Before the meeting started Bailey inform us all
To speak freely and all that would be said would be
Confidential and we would resolve the matter amongst
Ourselves the meeting was not successful .
9. The next night another meeting held present Bailey,
Plummer Potter  Bailey begins talking about what I
Believe Potter jumps up screaming and yelling and
I could not understand him, I was sitting and ask Bailey
Was he going to allow him to treat me like that Bailey
Reply was that he was upset, Potter runs out saying
He quits Plummer rans after him Bailey inform me
That He going to write me up for what another co-worker
Said in the first meeting when I ask her where she was
Going. Bailey tells me that I am over-sensitive creature
The meeting ended with Bailey also trying to catch Potter
10. After these 2 meetings I became the target of retaliating
for what I believed was a racial comment, Bailey informed
my brother Daniel Woods about the comment I kept this
racial comment secret and had no intention of telling my
brother what Potter actual thought about his color. Bailey
takes my brother to Tim Culhane  and they began to interrogate
him about Potter and suggest to him what would he had done
if Potter said that to him, Danny replied I don't know it wasn't
said to me. Management interrogated him until he said he didn't

feel it was a prejudiced statement but a insult.

11. The next day manager held another meeting present Bailey Culhane management suggest that Potter has said he was sorry Which he did not, and that I was protected from this harassement Yet I was moved from my area to a different dept, where Burt Ives became my new supervisor.

12. When I arrived for work I looked at that work schedule In the emergency rooms there are two sides side A and Side B I was assigned to side A I looked for the lead but she wasn't Around but their was an employee Annette Harris who told Me that she had no authority to take me to the emergency Rooms Annette worked side B, I had to stand around until Lead person Plummer showed up Plummer assigned Millie X to train me in that dept. around 4.00am I sat down in my Dept when I heard a voice yelling from around the corner It was Annette Harris I didn't understand her until she came Got closer to me she was saying get up from there, I suggested To here that I felt it wasn't her business that I was sitting Down I was feeling ill, then Miss Harris began to say that That if someone told me to get up from there she would Have said thank-you I replied that your opinion I feel We all have freedom of speech. Soon after Plummer Arrives and Annette reports this to her, Plummer never Ask me what happen but I inform her that I was just Sitting for minute because I felt ill, I didn't get any Response from Plummer.

13. At the end of my shift I was in another meeting Burt Ives was informed of the incident about Annette but when it was told him Annette was suppose to be crying and shaking Mr. Ives told me that it was there rule that if you see Someone doing something wrong you could report them

I ask him what if a person tells false information to management
He said that could get in trouble, that day Mr. Ives elected
To welcome me abroad and didn't write up the incident.
14. The next night a phone call came in the emergency rooms
for Annette Harris from Todd Bailey in which he overheard
of the incident and elected to enquire about it I noticed
Bailey talking with Annette and 24 hrs later she appeared
To cry again ,that morning Bailey held a meeting present
My new supervisor Ives Bailey interrogated about what
Miss Harris was saying and what Miss gamble said and
Wanted me to sign documents that I didn't agree with
I looked to Burt for help but to no avail I was feeling
Threatened I suggested I need help from a outside
Sources like the MCAD and NAACP and whoever
Can help me I ask could I bring someone to the next
Meeting Bailey insisted that I answered him I ask
Him to leave me alone, and that he was just harassing
Me for that Potter incident I heard Bailey say that
He was going to write me up for insubordination
I was never given any direct order from Bailey.
This meeting was unscheduled and I had to leave.
15. The next day Burt Ives and Tracy Malloy held a meeting
in which I was written up for insubordination to a supervisor
insubordination to a co-worker I refused to sign these documents
but Mr. Ives inform that if I had no other infractions in a year
that he would just threw it out.
16. Then about in a week I was brought to management
Bailey and Culhane and was terminated for the same alleged
Infractions that Burt Ives gave me a verbal warning for I
Inform management that I felt that they were retaliating
Against me.

## In Conclusion

I was subjected to a unsafe environment and cruel treatment
By staff and management I was systemically removed from
Job and denied my freedom of speech and liberty and due
Process I was harassed and discriminated against and treated
Unfairly retaliated against for my belief, I was written up on
False charges and was called a over –sensitive creature as
Compared to my male co-worker I respectfully submit
That the courts would grant me the right to have this case
Heard, I have high blood now because of the stress and
Have spoken with the clergy for counseling about this
Case.

Made under penalties of Law

*Barbara Wood*
33 GRANVILLE ST.
SPFLD, Mass 01109-3320
1-413-732-2924

A True Copy
Attest:
*Donna M. Biehl*
DEPUTY Assistant Clerk

| CIVIL ACTION COVER SHEET | 03 1175 | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

PLAINTIFF(S) BARBARA WOODS
33 GRANVILLE ST.
SPFLD, MASS 01104-3

DEFENDANT(S) ELIZABETH BLANEY
BAYSTATE HEALTH SYSTEM
2 ROCHESTNUT ST. SPFLD, MASS 01199

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE

HAMPDEN COUNTY
SUPERIOR COURT
FILED
DEC - 8 2003

Marie [signature]
CLERK-MAGISTRATE

ATTORNEY (if known) JAY PRESSER
1 Monarch Place
SPFLD, MASS 01103

Board of Bar Overseers number: _____

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E-17 | (Discrimination) Sex Retaliation | (A) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $ ............
2. Total Doctor expenses .................................................. $ ............
3. Total chiropractic expenses ............................................ $ ............
4. Total physical therapy expenses ....................................... $ ............
5. Total other expenses (describe) Counseling By Clergy ............... $ 700.00
   Subtotal $ ............
B. Documented lost wages and compensation to date ........................ $ 16,000
C. Documented property damages to date .................................. $ ............
D. Reasonably anticipated future medical and hospital expenses .......... $ 30,000
E. Reasonably anticipated lost wages .................................... $ ............
F. Other documented items of damages (describe) Pain & Suffering For Effects Of Discrimination High Blood Loss Of Enjoyment Freedom    $15,000,000
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

$ ............
TOTAL $ 15,046,700

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Attest: [signature] Donna M. [illegible]
DEPUTY Assistant Clerk

TOTAL $ ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record  Barbara Woods    DATE: 12-8-03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# CIVIL ACTION COVER SHEET
## INSTRUCTIONS

### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**CONTRACT**
| | | |
|---|---|---|
| A01 | Services, labor and materials | (F) |
| A02 | Goods sold and delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or lease of real estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |

**TORT**
| | | |
|---|---|---|
| B03 | Motor Vehicle negligence-personal injury/property damage | (F) |
| B04 | Other negligence-personal injury/property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-medical | (A) |
| B07 | Malpractice-other(Specify) | (A) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury-Slip&Fall | (F) |
| B21 | Environmental | (A) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |

**REAL PROPERTY**
| | | |
|---|---|---|
| C01 | Land taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium lien and charges | (X) |
| C99 | Other (Specify) | (F) |

**EQUITABLE REMEDIES**
| | | |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L.c.231A | (A) |
| D99 | Other (Specify) | (F) |

**MISCELLANEOUS**
| | | |
|---|---|---|
| E02 | Appeal from administrative Agency G.L. c. 30A | (X) |
| E03 | Action against Commonwealth Municipality, G.L. c.258 | (A) |
| E05 | All Arbitration | (X) |
| E07 | c.112,s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General contractor bond, G.L. c.149,s.29,29a | (A) |
| E11 | Workman's Compensation | (X) |
| E14 | Chapter 123A Petition-SDP | (X) |
| E15 | Abuse Petition, G.L.c.209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| E18 | Foreign Discovery proceeding | (X) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

### TRANSFER YOUR SELECTION TO THE FACE SHEET.

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes  ☐ No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

A true copy,
Attest:
_[signature]_
Deputy/Assistant Clerk

TO PLAIN____'S ATTORNEY: PLEASE CIRCLE TYPE O. ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**
JAN - 6 2004
*[signature]*
CLERK-MAGISTRATE

HAMPDEN, ss.

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
NO. 03-1175

BARBARA WOODS, PLAINTIFF(S)

V.

BAYSTATE HEALTH SYSTEMS
TODD BAILEY - Tim Culhane
ELIZABETH BLANEY, DEFENDANT(S)

SUMMONS

To the above named defendant:

You are hereby summoned and required to serve upon Pro Se Barbara Woods, 33 Granville St, SPFLD Mass 01104, plaintiff's attorney, whose address is _____, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Springfield either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esq., at Springfield the _____ day of _____ in the year of our Lord two thousand three.

A true copy:
Attest:
*[signature]* Deputy Assistant Clerk       *[signature]* Clerk / Magistrate

NOTICE TO DEFENDANT -- You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM No. 1

4

## PROOF OF SERVICE OF PROCESS

I hereby certify and ...

2004 JAN -6 A 9: 55

Hampden County Sheriff's • 1170 Main St. • P.O. Box 5005 • Springfield, MA 01101-5005 • (413) 732-5772

Hampden, ss.                                                                January 2, 2004

I hereby certify and return that on 12/31/2003 at 10:25 am I served a true and attested copy of the SUMMONS & COMPLAINT in this action in the following manner: To wit, by delivering in hand to PAM BOURGE, person in charge at the time of service for BAYSTATE HEALTH SYSTEMS, ELIZABETH BLANEY, 280 CHESTNUT Street, SPRINGFIELD, MA 01107. Attestation X 1 ($5.00), Conveyance ($2.10), Travel ($4.48), Basic Service Fee ($30.00), Mailing1 ($1.00) Total Charges $42.58

Deputy Sheriff ALFRED B. BADONE                    _____
                                                    Deputy Sheriff

### N.B. TO PROCESS SERVER:

PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON THE COPY SERVED ON DEFENDANT.</u>

(                    )
(          , 2003   )
(                    )

A true copy.
Attest:
_____
DEPUTY Assistant Clerk

DEC 29 '03 AM 9:16

# COMMONWEALTH OF MASSACHUSETTS

HAMPDEN , ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

CIVIL ACTION
No. 03-1175

BARBARA WOODS
_____, PLAINTIFF(S)

HAMPDEN COUNTY
SUPERIOR COURT
FILED
JAN 22 2004
[signature]
CLERK-MAGISTRATE

VS.

BAYSTATE HEALTH SYSTEMS
~~ELIZABETH BLANEY~~
_____, DEFENDANT(S)

## REQUEST FOR DEFAULT

Pro SE

I, BARBARA WOODS, Attorney for the plaintiff, Barbara Woods, state the Complaint and Summons have been served on the defendant, BAYSTATE HEALTH SYSTEM ~~Elizabeth Blaney~~, on 12/31/03 as appears from the officer's return and the time in which the defendant may serve an answer or responsive pleading upon me has expired and that the defendant has not served an answer or responsive pleading upon me nor has he filed any pleading in court.

Wherefore, the plaintiff, Barbara Woods makes application that the defendant be defaulted.

Signed under the penalties of perjury.

A true copy
Attest:
[signature] Donna M. [?]
Form 6 DEPUTY Assistant Clerk

Barbara Woods
33 Granville St.
SPFLD, Mass 01109

5