04 CV 30010-KPN

Argument
Libel Slander, Defamation Intentional Tort
Civil Rights Act of 1964, M.G.L.151b

I will proceed with verity before the courts in response to

The claim of Libel Slander, defamation intentional Tort

And offer evidence in the form of the documentation received

By the MCAD in June-03, it appears that Mr. Todd Bailey

Intentional collect false information and send it to the MCAD

In this case, Mr. Bailey type this document on 11-18-02

My first view of this written statement was in June, the

Document appears to be slanderous, Libel defamation

And not a accurate account of the events nor of my character

Please refer to Exhibits (5) I also produced character

Statements from my prior employer Elms College.

In St. Mary Honor Ctr. v Hicks U.S. 509 (1993) the

Courts concluded that a plaintiff must be given a full

And fair opportunity to prove their case. Herein I respectfully

Ask for the right to question my accusers in a court of law.

In Mulero-Rodriguez v Ponte the courts suggest that a non-

Decision maker was in a position to influence the employer

Decision and that the employer trusted the word of the non

Decision maker over the plaintiff could show that a

Discrimination evades the workplace. If I may proceed

Further for it appears that the defendant would like the

Courts to believe that the MCAD actual tried the case

Please refer to the Exhibits (F) the commission states

That the original order stands in which it reads that

This does not certify that the respondent is in compliance

With the law. If it please the court for a door has been

Opened for a more definite statement of discrimination

Baystate business reason was merely pretext shortly

After the racial comment I began to be subject to

Numerous meetings in which I felt threatened to the

Point that I said I would seek outside help as far the

Commission Naacp I was being retaliated against

For suggesting that I would seek outside help I was

Engaged in a protected activity, I was fired shortly

After my mention of the commission on false charges.


In Lipchitz v Raytheon (1995) the courts concluded

That a plaintiff is not required to prove every reason

False articulated by the defense but prove that it is

More than likely that at least one reason was false

And from such a factfinder can infer discriminatory

Motive. In conclusion I respectively ask the courts

The right to have the case heard and again the right

To question the same the individuals that the defendant

Has in a court of law.

Respectively Submitted

*Barbara [signature]*
732-2924
33 Granville ST- Spfld, Ma 01105
PRO_SE

I hereby certify that a true and accurate copy of this appeal
To defendants motion to dismiss will be hand delivered to
The office of Skoler, Abbott & Presser One Monarch Place
Suite 2000 Springfield, Mass 01144

Recap-Please see attached

11-18-02

This document is from the 3rd shift Operating Room staff in the Centennial building.

In the short time that Barbara Woods was assigned to the OR and PACU areas many problems arose. The biggest problem was that Barbara would not listen and take constructive training from Annie Gamble. She seemed to be always talking when she needed to be listening. When Annie was showing Barbara the proper way to clean a MRSA room to meet BMC standards, she was not paying attention and started talking to another nurse. When Barbara was asked to clean another MRSA after being trained she did not clean all areas of the room that needed to be and she would spray # 8 disinfectant and wipe off immediately when she was just shown and told that a minimum of 10 minutes dwell time is required. Upon exiting the room Barbara proceeded to touch walls and sink areas. When I told her that she needed to remove her gloves and gown, she ignored me and went on her business continuing to touch many other surfaces. She took them off a few minutes later at her own discretion.

When told by our staff about properly covering her hair in a sterile environment to prevent falling hair she assumed we found hair and asked us "if the hair was African American" and said "the hair found could not be hers". How could she know this? She continued to walk around the PACU area without properly covering her hair.

We (OR staff) feel that Barbara is very disruptive to our environment. She is inappropriately rude and offensive when speaking with her, especially to Annie. Barbara always seems to have an unkind remark back to anyone when advised on proper procedures. She doesn't care who she says her comments in front of, including <u>patients</u> in the PACU area.

Sincerely,

5) On the time Barbara was assigned to cleaning the PACU many problems arose. The PACU was not cleaned efficiently, properly, or thoroughly- per environmental service standards Dusting was not done. The biggest problem was the isolation room that had a MRSA pt, which was not cleaned by BMC MRSA standards. Barbara was then taught by Annie the proper procedure. I was here that night when Annie tried to teach her. Barbara would not listen to the instructions. She was talking the entire time Annie was trying to show her what to do. We tried to explain that she only needed gloves, and this was the appropriate precautions. She did not listen and did not understand the correct precautions. The MRSA room was not cleaned appropriately. Blue Skies needs to sit on surfaces to work appropriately. She would spray and wipe. Once done cleaning the MRSA room she proceeded to touch things outside the room with dirty gloves. I stopped her and told her she needed to deglove & degown when leaving the MRSA room. She still did not and then touched the sink and towel dispenser outside the MRSA room. →

6) Barbara was very disruptive to the environment. She was rude & offensive when speaking with her. She was especially inappropriate & rude when speaking with Annie. Annie was trying to teach her how to clean this room the right way. Barbara always had some curt answer back. She did not care who she said it in front of.

Molly S Carlin, RN
Michelle Sorcier, RN

⑤ Foot Stools & ~~moving mats on~~ Clear O.R. Tables

Expensive microscopes pushed around

Rooms not returned to proper set up after cleaned

over reaction to staff coming near her with clean gloves on.

# Hair

Told to cover her hair while in the O.R. ~~She~~ to PREVENT hairs from being in the sterile environment. She asked "if the hair was African American?" and "said the hair found could not be hers". She continued to walk around without properly covering her hair.

Donna Kaveary              Darlene Staples
Michelle H Cantara         Anne M_____
                           _____
                           Jean Latenaude

June 16, 2003

Magalia Rivera
Investigator/Massachusetts Commission Against Discrimination
436 Dwight St.
Springfield, MA 01103

Dear Ms. Rivera,

I am writing this letter of support for Barbara Wood who was employed at Elms College as a housekeeper. In her work, Barbara was very responsible and completed her tasks in the highest of quality. She is a very friendly and easygoing woman. Barbara loves to interact with people and treats them with the utmost respect.

Sincerely,

*Barbara Baker*

Barbara Baker
Assistant Counselor for Part-time
Undergraduate and Graduate Student
Admissions



June 16, 2003

To Whom It May Concern:

    This letter is in regards to Barbara Woods whom I met while she was employed at Elms College. I have had the privilege of knowing Ms. Woods for the last couple of years. I would run into Barbara each morning at the College Center, the building that she was responsible for. She always had a smile on her face while she was working and managed to always have some comforting words for me to start my day.

    Barbara was very popular, energetic, and was an active participant with the college community during her five years here. She is a very intelligent, trustworthy, and creative woman. When Barbara had some personal situations in her life, she never would let that effect her work performance or attendance. She could be seen working very hard to make our campus look beautiful. Even on the hottest of days, she still smiled and never complained. Barbara is a wonderful woman and her absence here on campus, has been missed.

Sincerely,

Mary M. Carsten
Administrative Assistant
Elms College



COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION
436 DWIGHT STREET, SUITE 220
SPRINGFIELD, MA 01103
(413) 739-2145

*********************************
                                 *
Barbara Woods,                   *
       Complainant               *
                                 *
                                 *
v.                               *
                                 *   Docket No.:   03-23-00714
                                 *
Baystate Health Systems/         *
Environment Services,            *
       Respondent                *
                                 *
*********************************


Please be advised that after a review of all the evidence, I hereby sustain the original Lack of Probable Cause finding in your complaint.


So ordered this 17th day of October, 2003.

Cynthia A. Tucker
Investigating Commissioner



**The Commonwealth of Massachusetts
Commission Against Discrimination
436 Dwight Street, Rm. 220, Springfield, MA 01103
Phone: (413) 739-2145 Fax:**

## - DISMISSAL and NOTIFICATION of RIGHTS -

To: Barbara Woods
33 Grandvill Street
Springfield, MA 01109

Case: Woods v. Baystate Health Systems/Environment Services
MCAD Docket Number: 032300714
EEOC Number: 16CA301242
Investigator: Karen Dome

Your complaint has been dismissed for the following reasons:

[ ] The facts alleged fail to state a claim under any of the statutes the Commission enforces.

[ ] Respondent employs less than the required number of employees.

[ ] Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ] The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[X] The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

[ ] Other (briefly state)

### - NOTICE of APPEAL -

If you wish to appeal the dismissal of your complaint and believe that the above stated reason for dismissal is incorrect, you may appeal to this Commission within 10 days after receipt of this notice. You or your attorney must make your appeal of the dismissal in writing to the appeals clerk of this Commission. **Attention: Migdalia Rivera.**

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, JFK Federal Building, Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA, as amended.

_____         Date  7/23/03
Cynthia Tucker
Investigating Commissioner

Cc: Elizabeth N. Blaney
Baystate Health Systems/Environment Services
280 Chestnut Street
Springfield, MA 01199



## MEMORANDUM

CASE NAME: Woods v. Baystate Health Systems/Environment Services
DOCKET NO: 032300714
EEOC NO: 16CA301242
NUMBER OF EMPLOYEES: 25+
INVESTIGATOR: Karen Dome

RE:  RECOMMENDATION FOR DISMISSAL OF COMPLAINT
DATE: July 22, 2003

### ISSUE(S) INVESTIGATED:

On February 21, 2003, Complainant filed a charge alleging that Respondent discriminated against Complainant by terminating her employment and retaliating against her for opposing what she believed were racially derogatory comments, in violation of M.G.L. Chapter 151B, §4, (1), (4), and Title VII of the Civil Rights Act of 1964, as amended.

### SUMMARY OF FINDINGS:

Respondent denies all allegations. The evidence presented supported Respondent's position that Complainant was not discriminated and/or retaliated against. Respondent's decision to terminate Complainant's employment was based on legitimate, non-discriminatory business reasons based on Complainant's insubordination toward supervisors and complaints that were made about Complainant's work performance during her ninety (90) day introductory period. Complainant has failed to produce sufficient evidence of pretext. Therefore, there is insufficient evidence upon which a fact-finder could form a reasonable belief that the Respondent committed an unlawful practice.

Karen Dome
Investigator

Migdalia Rivera
Supervisor