UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA WOODS,<br><br>    Plaintiff,<br><br>vs.<br><br>BAYSTATE HEALTH SYSTEM,<br><br>    Defendant[1]. | CIVIL ACTION NO. 04-30010-KPN<br><br>**ANSWER** |

*Baystate Medical Center, Inc.* ("Defendant BMC") the appropriate corporate defendant[2], submits this Answer to the Complaint filed by the pro se Plaintiff, Barbara Woods, served on December 31, 2003, and "amended" as a result of the court's rulings on the partial motion Dismiss to reflect solely discrimination and defamation claims against the corporate Defendant:

**FIRST DEFENSE**

The statement in the first unnumbered paragraph of the Complaint is an introductory statement that does not require a response. To the extent it requires a response, Defendant BMC denies any and all liability.

1. The allegations of Paragraph 1 of the Complaint are denied as written. Further answering, Defendant BMC admits that Todd Bailey and Tim Culhane were, at all relevant times, managers employed by Defendant BMC and that they supervised

---

[1] The individually named defendants have, at this point, been dropped from the case.
[2] This pro se Complaint incorrectly designates *Baystate Health System* ("BHS") as Defendant. Plaintiff, and those alleged to have discriminated against her, were employed by *Baystate Medical Center, Inc.* not BHS. By answering this Complaint neither BMC nor BHS waive their right to seek dismissal if, at an appropriate point, BMC is not substituted for BHS as the corporate defendant. Furthermore, to the extent BHS remains a Defendant this Answer is filed on its behalf as well.

      Plaintiff during portions of her probationary period.

2. The allegations of Paragraph 2 of the Complaint are denied as written. Further answering, Defendant BMC admits that Plaintiff commenced her employment on October 21, 2002, working as a custodian in Defendant BMC's Environmental Services Department.

3. The allegations of the Complaint are denied as written. Further answering, Defendant BMC admits that Don Potter, a co-worker, was assigned to train Plaintiff for the first two weeks of her employment. Further answering, on information and belief, Defendant BMC admits that on or about October 23, 2002, Plaintiff indicated to Potter that she had not yet seen her brother, who also worked for Defendant BMC, and that Potter, spotting Plaintiff's brother, responded with words to the effect of "hey, there is his ugly mug now." Defendant BMC further admits that Plaintiff's brother is African-American. Defendant BMC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint. Further answering, on information and belief, Defendant BMC admits that Plaintiff complained about the comment and Potter apologized, indicating he was friends with her brother and he was sorry if his comment had offended Plaintiff. Further answering, Defendant BMC submits that it subsequently counseled Potter that such statements were inappropriate and contrary to Defendant BMC's operating principles.

4. Defendant BMC admits the allegation of Paragraph 4 of the Complaint.

5. Defendant BMC has no first-hand knowledge of the allegations of Paragraph 5, and they are therefore denied. Further answering, on information and belief, Defendant BMC incorporates its answer to Paragraph 3.

6.   The allegations of Paragraph 6 are denied. Further answering, Defendant BMC admits that notwithstanding several apologies by Potter (for the remark referenced in Paragraph 3), Plaintiff continued to refer to him as prejudiced based on his having made the comment.

7.   Defendant BMC denies the allegations in Paragraph 7 as written. Further answering, Defendant BMC admits that Mr. Bailey asked to meet privately with the Plaintiff and then, in fact, met with her to find out what she considered "prejudiced" about Mr. Potter's comment. Defendant BMC is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff "thought the meeting was to determine schedule," or that "before the meeting Potter and Bailey go around the corner talking."

8.   Defendant BMC, unsure as to what is being alleged, denies the allegations of Paragraph 8.

9.   Defendant BMC denies any and all allegations as written in Paragraph 9 of the Complaint.

10.  The allegations of Paragraph 10 are denied. Further answering, the Defendant BMC admits that it asked Mr. Woods, the individual about whom the "ugly mug" comment had been made, whether he perceived it as a racially derogatory comment.

11.  The allegations of Paragraph 11 are denied as written. Further answering, Defendant BMC admits that Plaintiff was assigned to perform custodial work in a different area of the hospital.

12.  The allegations of Paragraph 12 of the Complaint are denied as written. Further answering, Defendant BMC, on information and belief, admits that Annette Harris, a co-worker, informed Plaintiff that she was sitting in an area where custodians

were not supposed to sit, and that Plaintiff responded by saying it was none of her business where she was sitting. On information and belief, Ms. Harris then indicated that if she had been informed by a co-worker that she was sitting in an area where she was not allowed to sit, she would have replied by saying words to the effect of, she did not know and was sorry, to which Plaintiff responded, in substance, "well that's you."

13. Defendant BMC, unclear as to what is being alleged, denies any and all allegations in Paragraph 13 as written.

14. The allegations of Paragraph 14 are denied as written. Further answering, Defendant BMC admits that on or about November 27, 2002 the Plaintiff was asked to meet with managers Alves and Bailey to review issues regarding her performance, including the interaction described in the answer to Paragraph 12 above. Further answering, Defendant BMC submits that when Bailey was questioning her, Plaintiff held her hand in front of his face indicating that she was not talking to him but to Alves, and thereafter Plaintiff refused to respond in any fashion to manager Bailey, ultimately walking out of Alves' office.

15. Defendant BMC denies the allegations in Paragraph 15 as written. Further answering, Defendant BMC admits that its managers met with Plaintiff on or about December 3, 2002 to discuss a verbal counseling being issued to Plaintiff for her earlier conduct. Plaintiff refused to sign the verbal counseling and further denied that her conduct had been inappropriate.

16. The allegations of Paragraph 16 are denied as written. Further answering, Defendant BMC admits that on or about December 9, 2003, Defendant BMC's representatives met with Plaintiff and informed her that as had been noted in the letter offering her employment, Defendant considers an individual within the first

ninety days of employment as "probationary". She was informed that Defendant BMC assesses the new employee during this probationary period and that Defendant BMC had decided that she was not going to be retained. Plaintiff did not claim retaliation but did state "what a joke this place is" and her managers were "two-faced lying hypocrites" and that the representatives "better get their lies in order" because she would see them in court.

The statement in the last unnumbered paragraph, labeled "In Conclusion," to the extent it must be answered, is denied.

## SECOND DEFENSE

Plaintiff has failed to exhaust her administrative remedies in a timely fashion.

## THIRD DEFENSE

Plaintiff has failed to state a cause of action upon which relief may be granted.

## FOURTH DEFENSE

Without conceding Plaintiff has suffered any damages as a result of any purportedly wrongful act of the Defendant BMC, the Plaintiff has failed to mitigate her damages.

## FIFTH DEFENSE

Defendant BMC decided not to continue the employment of this probationary employee for lawful reasons.

## SIXTH DEFENSE

Plaintiff's defamation claims fail to articulate a claim with sufficient specificity.

## SEVENTH DEFENSE

Any allegedly defamatory statement was truthful.

## EIGHTH DEFENSE

Any allegedly defamatory statement published by Defendant BMC to the

Massachusetts Commission Against Discrimination and or Equal Employment Opportunity Commission in response to Complainant's administrative charge of discrimination is absolutely privileged.

### NINTH DEFENSE

Any allegedly defamatory comment(s) was opinion and cannot serve as the basis for a claim.

### TENTH DEFENSE

Any defamatory comment(s) relating to Plaintiff's ability to perform her job appropriately was privileged.

### ELEVENTH DEFENSE

Baystate Health System is not a proper party.

Respectfully submitted,

/s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.
BBO No. 405760
Counsel for Defendant BMC
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144

Dated:  March 29, 2004        Tel. (413) 737-4753/Fax: (413) 787-1941

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Answer* was served upon the attorney of record for each other party via electronic filing and by first-class, U.S. mail, postage prepaid, on March 29, 2004.

/s/ Jay M. Presser
Jay M. Presser, Esq.

F:\OFFICE DOCUMENTS\DATA\BAYSTATE MEDICAL\WOODS, BARBARA\LITIGATION - 03-1175\ANSWER2.DOC