UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA WOODS,<br><br>        Plaintiff,<br><br>vs.<br><br>BAYSTATE HEALTH SYSTEM,<br><br>        Defendant. | CIVIL ACTION NO. 04-30010-KPN<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

    Plaintiff has filed what appears to be a Motion for Default Judgment, ostensibly based on an alleged failure to Answer the Complaint. She requests that a default judgment be entered against Defendant in the amount of Fifteen Million Forty-Six Thousand Seven Hundred and 00/100 (15,046,700.00) Dollars.

    It is clear that an Answer has been filed. Thus, as reflected in the court's docket sheet, an Answer was filed by the sole remaining Defendant on March 29, 2004. The Answer was filed electronically with the Court and served on Plaintiff by mail that same day. Moreover, it is clear that Plaintiff received service of the Answer soon thereafter, since, on April 5, 2004, Plaintiff filed a Motion to Extend Time to File a Response to the Answer.[1]

    Accordingly, the instant Motion for Default is apparently based on an assertion that the Answer was filed too late. Of course, "(a) default judgment is . . . a drastic sanction that should be employed only in an extreme situation." Luis C. Forteza e Hijos, Inc. v. Mills, 534 F.2d 415, 419 (1st Cir. 1976), *citing*, Flaksa v. Little River Marine

---

[1] Defendant filed an Opposition to the Motion, asserting that no "response" to an Answer

Construction Co., 389 F.2d 885 (5th Cir.), cert. denied, 392 U.S. 928, 88 S. Ct. 2287, 20 L.Ed.2d 1387 (1968).  See, also, SEC v. Research Automation Corp., 521 F.2d 585, 588 (2d Cir. 1975); Schwab v. Bullock's Inc., 508 F.2d 353, 355 (9th Cir. 1974); SEC v. Vogel, 49 F.R.D. 297, 299 (S.D.N.Y.1969).  Therefore, it is questionable whether a court would ever grant a Motion for Default filed after an Answer was filed, at least barring evidence of prejudice.  In any event however, and even leaving aside the fact that default judgments have long been disfavored in the law, *this Motion must be denied because the Answer was timely filed.*

      Plaintiff cites the rule indicating that following removal an Answer should be filed within five days.  However, that deadline is postponed, as is the deadline for filing an Answer in any case, when the Defendant files a Motion to Dismiss pursuant to F.R.C.P. Rule 12.  Thus, under the rules, specifically Rule 12(a)(4) when a Motion to Dismiss is filed the time for filing an Answer is automatically extended until ten days after notice of the court rejection of the Motion.  See, e.g., Tingley Systems, Inc. v. CSC Consulting, Inc., 152 F. Supp.2d 95, 122 (D.Mass., 2001) (finding that when partial Motion to Dismiss was filed no answer needed to be filed until ten days after the court's action on the motion.)  See, also, Rawson v. Royal Maccabees Life Ins. Co., 1994 WL 9638, *2 (N.D. Ill., 1994); ("the time for an answer would automatically be extended until thirteen[2] days after the denial of that motion."); Gargiulo v. MGI Communications, 1991 WL 251321, *1 (E.D.Pa., 1991); Rodriguez v. Sarabyn, 908 F. Supp. 442, 444 -445  (W.D. Tex., 1995).

---

was called for under the rules.  The Plaintiff's Motion was denied the day after it was filed.
    [2]This included an additional three days because notice of the court's action was made by mail.

Within five days of the initial removal to federal court, on January 26, 2004, Defendant filed a timely Motion to Dismiss. The filing of such a Motion delayed the deadline for filing an Answer until ten days following the notice of the court's decision on the motion.

Defendant's Motion was acted upon by the court in open session on March 17, 2004. The Answer was electronically filed on March 29, 2004, *within* ten days of the court's decision on Defendant's Motion to Dismiss[3]. Indeed, not only was the Answer not late, it was filed before it was due. Thus, all time limits in Federal Rule of Civil Procedure 12 are subject to the time extensions contained in Federal Rule of Civil Procedure 6. C. Wright & A. Miller, FED. PRACTICE & PROCEDURE: CIVIL § 1346 (1990). Therefore, "the day of the act, event, or default from which the designated period begins to run shall not be included" when computing a period of time proscribed by the Federal Rules of Civil Procedure, and "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a). Rodriguez v. Sarabyn, 908 F. Supp. 442, 444 - 445 (W.D. Tex., 1995). Therefore, no Answer was actually due until March 31, 2004. *Thus, it is clear that under the Rules of Civil Procedure, the Answer to those portions of the Complaint not dismissed was filed earlier than it needed to be, not later.* Accordingly, no default can enter against the Defendant and the Plaintiff's Motion must be denied.

---

[3]Under the rules, the ten day period would have started the first day after the court's rulings. The tenth day actually fell on the weekend. The Answer was filed the first business day thereafter.

                                                Respectfully submitted,

                                                _/s/ Jay M. Presser, Esq._
                                                Jay M. Presser, Esq.
                                                BBO No. 405760
                                                Counsel for Defendant BMC
                                                Skoler, Abbott & Presser, P.C.
                                                One Monarch Place, Suite 2000
                                                Springfield, Massachusetts  01144
Dated:   April 13, 2004                    Tel. (413) 737-4753/Fax: (413) 787-1941

### CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing *Opposition To Plaintiff's Motion For Default* was electronically filed and served upon the pro se Plaintiff, Barbara Woods at 33 Granville Street, Springfield, MA  01109, by first-class, U.S. mail, postage prepaid, on April 13, 2004.

                                                _/s/ Jay M. Presser_
                                                Jay M. Presser, Esq.

F:\OFFICE DOCUMENTS\DATA\BAYSTATE MEDICAL\WOODS, BARBARA\LITIGATION - 03-1175\ANSWER2.DOC