UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA WOODS,<br><br>        Plaintiff,<br><br>vs.<br><br>BAYSTATE HEALTH SYSTEM,<br><br>        Defendant. | CIVIL ACTION NO. 04-30010-KPN<br><br>**DEFENDANT'S OPPOSITON TO PLAINTIFF'S PRO-SE MOTION FOR A PROTECTIVE ORDER TO STOP DEPOSITION & MOTION FOR A WAIVER TO OBTAIN COUNSEL FOR DEPOSITION PURPOSES, AND DEFENDANT'S MOTION FOR SANCTIONS UNDER F.R.CIV.P RULE 37** |

Now, comes Defendant Baystate Health System, Defendant in the above captioned matter, by and through its counsel, Skoler, Abbott & Presser, P.C., and, hereby files this Opposition To Plaintiff's Pro-Se Motion For A Protective Order To Stop Deposition & Motion For A Waiver To Obtain Counsel For Deposition Purposes.

Defendant Further Moves For Sanctions, Under F.R.Civ.P Rule 37, for Plaintiff's failure to answer interrogatories, failure to produce documents, and her unjustified leaving her deposition virtually immediately after the questioning commenced. Her unjustified departure, Defendant submits, effectively constitutes a constructive failure to appear for her own deposition.

### I. Background

Plaintiff was hired by Defendant on October 21, 2002, and terminated less than seven weeks later, on December 5, 2002, while still a probationary employee[1]. She

---

[1] Facts asserted herein are contained in the affidavit of Jay Presser.

exercised her right to file an administrative charge of race discrimination[2], which, after investigation, was dismissed by the Massachusetts Commission Against Discrimination. She exercised her right to appeal said decision, and after hearing, the Massachusetts Commission Against Discrimination affirmed the dismissal of her charge of discrimination. Subsequently, Plaintiff initiated a civil action, *pro se.*

At the initial scheduling conference the court, quite patiently and thoroughly explained to Plaintiff the difficulty of proceeding *pro se*, and stated that it would be her responsibility to learn and comply with the rules of the court. Plaintiff indicated that she understood and would comply.

Subsequently the court issued an order requiring that Defendant pay the deposition costs so that Plaintiff could, without incurring the customary expense, take up to three depositions.[3] Plaintiff has scheduled depositions.

Obligated to defend this action in a second forum, Defendant served Written Interrogatories upon Plaintiff on April 22, 2004. (A true and accurate copy is attached to the affidavit of Jay Presser as Exhibit A). At the same time it served its First Request for the Production of Documents (A true and accurate copy is attached to the affidavit of Jay Presser as Exhibit B). Plaintiff requested four extensions to respond, each of which was assented to by counsel for Defendant. Plaintiff ultimately served a single response to the written discovery, attached as Exhibit C to the Affidavit of Jay Presser.

---

[2] Complainant is black, as were numerous other employees in the Environmental Services Department of Baystate Medical Center, where Complainant was so briefly employed. According to the EEO reports for BHS, the Defendant, in 2002, employed 594 black employees.

[3] This was done although it appears that Plaintiff is presently employed.

As can be ascertained from the document, Plaintiff failed to provide responses to numerous appropriate inquiries. Thus, she refused, by way of illustration, to identify all the alleged statements that serve as the basis for her defamation claim, provide her date of birth, answer whether she had been terminated elsewhere, and answer whether she had filed other lawsuits or administrative charges. Her document responses were equally insufficient and inappropriate. Thus she refused, for example, to provide copies of any notes she may have taken relating to the events at issue, etc.

In light of the *pro-se* nature of this case, and to avoid imposing unnecessarily on the court's time, counsel decided it would be most efficient to simply pursue the inquiries, at least in the first instance, during Plaintiff's deposition.[4] Plaintiff's deposition was noticed, and then rescheduled, at Plaintiff's request. Plaintiff's deposition was commenced on September 15, 2004.

Plaintiff was treated with all appropriate courtesy. Thus, when she arrived, Plaintiff was asked whether she wanted a drink of some kind prior to commencing. When she indicated she would like some water Plaintiff was provided with water in a plastic cup. Plaintiff asked if we had glasses. Counsel provided Plaintiff with water in a glass by counsel.

The deposition commenced, and customary instructions were given, amplified modestly in light of the pro se nature of the case. Questioning commenced, and after a

---

[4] Thus, during face to face questioning it was believed that counsel could ascertain what discoverable documents actually existed.

few questions Plaintiff announced that she was going to leave and seek a protective order.[5]

Plaintiff filed for a protective order, alleging that the deposition was "harassing." She also asks, seemingly, that Defendant be asked to pay for an attorney to represent her during the deposition. Defendant for its part, Moves for Sanctions. While it is understandable for the court to grant a pro se Plaintiff some *reasonable* leeway, the Plaintiff's conduct is now unfairly increasing the defense costs for a non-profit 501(c) organization, and substantially interfering with Defendant's ability to prepare a defense.

---

[5] A copy of the entire thirteen page transcript is attached as Exhibit D to the Affidavit of Jay Presser. For the convenience of the court, set forth below is the <u>entirety</u> of the questioning that occurred prior to the Plaintiff abrupt departure.
BY MR. PRESSER:
    Q.   Ms. Woods, I'll show you what has been marked by the stenographer in this case as Exhibit Number 1, and it appears to be a charge of discrimination that was filed with the Massachusetts Commission Against Discrimination. Can you look at that for a moment, please?
            (Witness reviewing document.)
    Q.   Can you identify what this document is?
    A.   The document is a Complaint that I filed back in December, shortly after, at the MCAD.
    Q.   And is this document the one and only charge of discrimination that you filed with the MCAD against my client?
    A.   Could you rephrase that for me?
    Q.   Did you ever file any other charges of discrimination against Baystate Medical Center or Baystate Health Systems?
    A.   I think the record speaks for itself.
    Q.   Ma'am, you may believe certain records speak for itself, certain documents, but that doesn't relieve you of an obligation to answer questions here.  So we're going to have to go through some of your responses of discovery.  I'm going to be asking you questions.  As I said, you have an obligation to answer them today as best you can, and indicating that the record speaks for itself is not a response.  You have to give your best knowledge, sitting here today, to the question as to whether you filed any other charges of discrimination with the MCAD against Baystate Medical Center or BHS, other than Exhibit Number 1.
    A.   At this time, I would like to move for a protective order.  I don't appreciate Attorney Presser's tone, so I'd like to end these proceedings.
    Q.   Well, ma'am, just so you know, you need to move for protective order, that's not with the stenographer, you'll have to go to Federal Court for them.
    A.   I am.  Thank you for the water.
    (Whereupon the deposition was suspended at 10:40 a.m.)

## II. Argument

### A. Sanctions Are Appropriate

It is of course axiomatic that a Plaintiff cannot pursue a civil claim while failing to comply with obligations to comply with appropriate discovery requests.  It is also clear that the court has discretion to order any and all sanctions that are necessary to protect that process and the rights of all parties. "While it is true that the courts should impose sanctions no more drastic than those actually required to protect the rights of other parties, the language of Rule 37(d) makes clear that the application of sanctions is entrusted to the discretion of the trial judge, **and over leniency is to be avoided where it results in inadequate protection of discovery**." Diaz v. Southern Drilling Corp., 427 F.2d 1118, 1127 (5th Cir.) certiorari denied 91 S.Ct. 118, 400 U.S. 878, 27 L.Ed.2d 115 (1970)(emphasis added).  See also, Wright & Miller Federal Practice & Procedure. 8A Fed. Prac. & Proc. Civ.2d § 2284("Trial courts are empowered, under Rule 37, to take all steps necessary to ensure the fairness of discovery to all parties, and to protect the discovery system itself from potential abuse.")

"The administration of the rules lies necessarily within the province of the trial court with power to fashion such orders as may be deemed proper to vouchsafe full discovery for the just, speedy and inexpensive determination of the lawsuit." Wright & Miller Federal Practice & Procedure, supra. See also, Barreto v. Citibank, N.A., , 907 F.2d 15  (1st Cir. 1990)(" Discovery orders, other pretrial orders, and all orders governing management of case are enforceable under pain of sanction for unjustifiable

violation; trial judges have considerable discretion in selection and imposition of sanctions.")

The fact that Plaintiff is *pro se is* no reason to allow her to not produce documents or respond to properly posed questions, whether by written discovery, or at deposition, to the detriment of a defendant who has an equal right to due process. Accordingly the court should sanction the Plaintiff for her failure to comply with discovery.

While the decision as to how to sanction is within the discretion of the court, and dismissal may be viewed as too draconian at this stage, at a minimum the court should order the Plaintiff to *fully* respond, within fifteen days, to all interrogatories and to produce all requested documents.[6]  It should order that Plaintiff should appear at a deposition scheduled by Defendant, and that she respond *fully*, and to the best of her ability, to all questions posed by counsel.[7] Moreover, *the court should make it clear to Plaintiff that a failure to fully comply with such an order will result in dismissal of the case.*

Defendant respectfully submits that the court should also order monetary sanctions, even if only in a symbolic amount. Said monetary sanctions are appropriate both to at least partially compensate Defendant for the extra costs it has incurred as a

---

[6] Since the Interrogatories and Document Requests have been attached to the affidavit of Jay M. Presser, the court can assure itself that the requests are far from onerous, or beyond the capability of a layperson to respond to.

[7] Counsel is willing to file a copy of the deposition with the court as a means of the court satisfying itself that counsel has not "harassed" Plaintiff or asked for responses to questions that Plaintiff, if represented, would be entitled to refuse to answer.

result of Plaintiff's actions and, just as importantly, to make it clear to Plaintiff that her obligation to comply with discovery is a serious matter, and not something that can be disregarded lightly.

### B. Plaintiff's Motion Should Be Denied

The Defendant submits that the Plaintiff's Motion for a Protective Order is, clearly inappropriate and must be denied. As a review of the transcript, or the questioning fully set forth at footnote 5 demonstrates, the questioning was clearly not inappropriate, harassing, oppressive or annoying. Plaintiff's departure when asked if she had filed any other charges of discrimination against Defendant was unjustified.

Moreover, while Plaintiff references her blood pressure, the simple fact is that if Plaintiff is incapable of being examined, whether or not due to medical reasons[8], whether at deposition or trial, she cannot be allowed to pursue a lawsuit.

Plaintiff's suggestion that Defendant be required to pay for an attorney to represent her as a condition of her attending her own deposition is equally absurd, and quite possibly even beyond the broad authority of this court. Thus, Congress has established a method by which even an indigent Plaintiff alleging discrimination can procure the services of counsel to represent them, assuming putative counsel believes that the matter can be pursued in good faith and consistent with Rule 11. Under that scheme Defendant would be required to pay for Plaintiff's counsel if, *but only if,* Plaintiff is the prevailing party. There is no legal basis for requiring that Plaintiff's attorneys fees

---

[8] There is, quite obviously, nothing before the court that demonstrates such a fact.

be paid for by Defendant, whether or not for a purported "limited purpose"[9], even if she has not prevailed. The Plaintiff's motion must be denied.

Respectfully submitted,

 /s/ Jay M. Presser, Esq.
Jay M. Presser, Esq.
BBO No. 405760
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Tel. (413) 737-4753/Fax: (413) 787-1941

Dated: September 21, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Opposition To Plaintiff's Pro-Se Motion For A Protective Order To Stop Deposition & Motion For A Waiver To Obtain Counsel For Deposition Purposes, And Defendant's Motion For Sanctions Under F.R.Civ.P Rule 37 was served upon pro-se Plaintiff by first-class, U.S. mail, postage prepaid, on September 21, 2004.

/s/ Jay M. Presser
Jay M. Presser, Esq.

---

[9] Indeed, when one considers all the various steps that lie between this point and the final determination of this matter, deposition of Plaintiff is probably the step where counsel would be *least* useful to a pro se Plaintiff. Thus, if a defendant was required to pay for counsel to attend the Plaintiff's deposition with her, what justification would there then be for not ordering Defendant to pay for Plaintiff's counsel to oppose a Motion for Summary Judgment, or to litigate the case at trial. Indeed, there is far less justification. Thus, the role of counsel when defending a deposition is quite limited. Moreover, upon request the transcript of the deposition, could be provided to the court for its own review, to ensure that the deposition was conducted in a fair and appropriate manner. If the court thought that the questioning was inappropriate under all the circumstances, appropriate steps could be taken by the court at that time to protect Plaintiff from any prejudice.