*UNITED STATES DISTRICT COURT*
*DISTRICT OF MASSACHUSETTS*

BARBARA WOODS,

                    Plaintiff,

vs.                                              CIVIL ACTION NO. 04-30010-KPN

BAYSTATE HEALTH SYSTEM,

                    Defendant.

## AFFIDAVIT OF JAY M. PRESSER

I, Jay M. Presser, under the pains and penalties of perjury, hereby state:

1.    I am counsel of record in this case for Defendant Baystate Health System.

2.    Plaintiff was hired by Defendant on October 21, 2002, and terminated less

than seven weeks later, on December 5, 2002, while still a probationary

employee.

3.    Complainant is black, as were numerous other employees in the Defendant's

Environmental Services Department where Plaintiff worked.

4.    According to the EEO reports for BHS, the Defendant, in 2002, employed 594

black employees.

5.    Following her discharge Plaintiff exercised her right to file an administrative

charge of race discrimination, which, after investigation, was dismissed by the

Massachusetts Commission Against Discrimination. Plaintiff thereupon

exercised her right to appeal said decision with the Massachusetts

Commission Against Discrimination. After hearing, the Massachusetts

Commission Against Discrimination affirmed the earlier dismissal of her charge of discrimination.

6.      Attached as Exhibit A is a true and accurate copy of the Written Interrogatories, served upon Plaintiff on April 22, 2004.

7.      Attached as Exhibit B is a true and accurate copy of the First Request for the Production of Documents, served upon Plaintiff on April 22, 2004.

8.      Plaintiff requested, and was provided, four extensions to respond.  Attached as Exhibit C are the Responses to both Exhibits A and B.

9.      The Plaintiff failed to provide responses to numerous appropriate inquiries. Thus, she refused, by way of illustration, to provide her date of birth, answer whether she had been terminated elsewhere, answer whether she had filed other lawsuits or administrative charges; she refused to provide copies of any notes she may have taken relating to the events at issue, etc.  In light of the pro-se nature of this case, the undersigned decided it would be most efficient for all parties, and the court, to simply pursue the inquiries, in the first instance, during Plaintiff's deposition.

10.     Plaintiff's deposition was noticed and then rescheduled at Plaintiff's request.

11.     Plaintiff's deposition was scheduled for September 15, 2004, at 10:00 a.m.

12.     Plaintiff was asked whether she wanted a drink of some kind prior to commencing, and she indicated she would like some water.

13.     Plaintiff was provided with water in a plastic cup.  She asked if we had glasses. Plaintiff was provided with water in a glass.

14.     The balance of the "deposition", prior to Plaintiff's premature departure, was on the record and the transcript is attached hereto as Exhibit D.

15.     Shortly after questioning commenced, Plaintiff rose from her seat, began to collect her belongings, and speaking to the stenographer, indicated as reflected on Page 12 of the transcript, that she "would like to move".  The undersigned, as reflected in the transcript, attempted to make sure that Plaintiff understood that indicating that to the stenographer was insufficient, but was something she would need to take up with the court.

16.     At no time did undersigned counsel's tone of voice differ from that typically used when taking a deposition. At no time did counsel shout or even raise his voice to Plaintiff.

17.     Making the response indicated at page 13 of the Transcript, Plaintiff walked out of the deposition

Sworn to under the pains and penalties of perjury this 21st day of September, 2004.


/s/_____
Jay M. Presser