UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BARBARA WOODS,

        Plaintiff,

vs.

BAYSTATE HEALTH SYSTEM,

        Defendant.

CIVIL ACTION NO. 04-30010-KPN

## DEFENDANT, BAYSTATE HEALTH SYSTEM'S
## FIRST SET OF INTERROGATORIES

    Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Rules, Defendant, Baystate Health System's, by and through its counsel, Skoler, Abbott & Presser, P.C., requests that the Plaintiff, Barbara Woods, respond to the following Interrogatories in writing, under oath, within thirty (30) days of service.

## DEFINITIONS

    A.    The term "Plaintiff," "you," or "your" means the individual known as Barbara Woods, as well as her agents, representatives, attorneys and all others acting on her behalf.

    B.    The term "Defendant" or "BHS" means the entity known as the Defendant, Baystate Health System's, its agents, servants, employees, representatives, attorneys, parents, subsidiaries, partners and affiliated entities and all persons acting on its behalf.

    C.    The term "identify," when used in connection with a natural person, means to state the person's (1) full name; (2) present or last known address and telephone number (business and residential); (3) occupation, job title, business affiliation and/or nature of business; and (4) present or last known business address and telephone number.

    D.    The term "identify," when used in connection with an entity such as a corporation, partnership, proprietorship, association or other organization, means to state the entity's (1) full legal name; (2) address; and (3) nature of business.

  E. The term "communication" means any conversation (whether face-to-face, by telephone or otherwise), correspondence, memoranda, meeting, discussion, statement and any other means of exchanging or imparting information.

  F. The term "documents" includes, but is not limited to, written, typed, printed and electronically recorded or reproduced letters, memoranda, notes, correspondence, conversations, contracts, diaries, records, statements, reports, photographs, computer tapes or discs, compilations and all other recorded information, as well as anything attached, clipped or connected thereto. This definition includes, but is not limited to, any drafts, duplicates or other copies of the above-defined documents.

  G. The term "identify," when used in connection with a document, means to state the nature and substance of the document, the date of the document, the name and address of the person who prepared the document and the name and address of the person who has custody or control of the document.

  H. As used herein, the term "date" shall mean the exact day, month, and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

  I. The term "Complaint" shall mean the Lawsuit filed by the Plaintiff in the above-captioned action.

## INSTRUCTIONS

  A. Each of the Interrogatories set forth below shall be deemed to be continuing and subject to the provisions for supplementation.

  B. If you object to an Interrogatory on the ground of privilege, please state the nature of the privilege and the reasons supporting the claim of privilege.

  C. If you object to any part of an Interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that Interrogatory. If you object to the scope or time period of an Interrogatory and refuse to answer for that scope or time period, state your objection and answer the Interrogatory for the scope or time period you believe is appropriate.

  D. If any of the following Interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information you have concerning the unanswered portions. If your answer is qualified in any particular way, please set forth the details of such qualifications.

## INTERROGATORIES

1. Please state your full name, residential address, date of birth, occupation, employer, business address, dates of employment, and educational background.

2. Please itemize with particularity any and all monetary damages, whether potential or actual, which you claim to have incurred as a result of any of the allegations in your Complaint, and set forth in complete detail the dollar value of each element of claimed damages. Identify any documents relied upon or referred to in your answer to this Interrogatory.

3. If you have received any treatment, consultation or examination for physical, mental or other illnesses or conditions relating to or resulting from any of the allegations in your Complaint, please identify the name and address of each person who rendered such service(s), state the date(s) of the service(s), describe the nature of the service(s), including, without limitation, any diagnosis or prognosis rendered, and itemize all expenses resulting from any such service. Identify any documents relied upon or referred to in your answer to this Interrogatory.

4. Please identify by name, occupation, address, and telephone number all individuals you believe may have knowledge regarding any of the facts or circumstances alleged in the Complaint and state in detail the knowledge you believe or claim they have. Identify any documents relied upon or referred to in your response to this Interrogatory.

5. Please identify all employees and/or former employees of BHS that you have had contact with since your termination, and include the employee's address and telephone number, the date(s) of such contact, and the nature and substance of your conversations.

6. Identify all companies to which you have applied for employment since your termination from BHS and for each company listed, state the name of the individual who interviewed you, if applicable, the title of the position you interviewed for, the pay for that position, the responsibilities of that position, and whether you were offered a job with that company.

7. If you have performed any work or services as an independent contractor subsequent to your employment with Defendant, please state the name and address of each individual or entity for whom you performed such work or services, or, if you have been self-employed, describe the nature of the work. Identify any documents relied upon, relevant to, or referred to, in your answer to this Interrogatory.

8. If any company identified in Interrogatory No. 6 offered you employment, but you declined to accept that offer, state all of the reasons why you did not accept employment with that company.

9. If you have received income from any source subsequent to your employment with Defendant and not identified in your responses to Interrogatory Nos. 6 and 7 above, including income from, but not limited to, unemployment compensation, workers' compensation, social security or disability benefits, please identify such source and the dates and amounts received on such dates. Identify any documents relied upon, relevant to, or referred to, in you answer to this Interrogatory.

10. Identify any lawsuits and/or administrative proceedings in which you have been a plaintiff in the last ten (10) years and for each such action, provide the state and county that the lawsuit and/or administrative proceeding was or is pending; the docket number; the name of the action; a description of the nature of the action; and a description of the status and/or outcome of the action. Identify any documents relied upon, relevant to, or referred to, in your answer to this Interrogatory.

11. If you were ever involuntarily terminated from employment other than with Defendant, please identify by name, address and telephone number the employer that terminated you; the date of such termination; and the reason(s) you were given for such termination(s). Identify any documents relied upon, relevant to, or referred to, in your answer to this Interrogatory.

12. Describe in detail each and every reason on which you base your allegation that you were discriminated against by BHS. Identify any documents relied upon, relevant to, or referred to, in your answer to this Interrogatory.

13. Describe in detail each and every reason on which you base your allegation that you were retaliated against by BHS. Identify any documents relied upon, relevant to, or referred to, in your answer to this Interrogatory.

14. Describe in detail each and every fact upon which you base your contention in the Complaint that BHS defamed you and include in the following: identify the BHS employee(s) who made such defamatory statement(s); the substance of the defamatory statement(s) that were made; the date of each defamatory statement; and the identity of the person to whom the statement(s) were made. Identify any documents relied upon, relevant to, or referred to, in your answer to this Interrogatory.

15. If it is your contention that you suffered emotional distress as the result of the facts as alleged in your Complaint, please describe in detail that emotional distress. Identify any documents relied upon, relevant to, or referred to, in your answer to this Interrogatory.

Respectfully submitted,

_____
Amy B. Royal, Esq.
BBO No. 647175
Counsel for Defendant BHS
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144

Dated:  April 22, 2004                              Tel. (413) 737-4753/Fax: (413) 787-1941

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above document was served upon the pro se Plaintiff, Barbara Woods at 33 Granville Street, Springfield, MA 01109, by first-class, U.S. mail, postage prepaid, on April 22, 2004.

_____
Amy B. Royal, Esq.