*UNITED STATES DISTRICT COURT*
*DISTRICT OF MASSACHUSETTS*

| | |
|---|---|
| BARBARA WOODS,<br><br>    Plaintiff,<br><br>vs.<br><br>BAYSTATE HEALTH SYSTEM,<br><br>    Defendant. | CIVIL ACTION NO. 04-30010-KPN |

**DEFENDANT, BAYSTATE HEALTH SYSTEM'S FIRST
REQUEST FOR PRODUCTION OF DOCUMENTS**

  Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules, Defendant, Baystate Health System's, by and through its counsel, Skoler, Abbott & Presser, P.C., requests that the Plaintiff, Barbara Woods, produce the following documents for inspection at the offices of Skoler, Abbott & Presser, P.C., One Monarch Place, Suite 2000, Springfield, MA 01144, within thirty (30) days of the date of service of this request. In lieu thereof, Plaintiff may send copies of the same to the attention of Amy B. Royal, Esq., at the above address.

**DEFINITIONS**

  A. The term "documents" includes, but is not limited to, written, typed, printed, electronically recorded or reproduced letters, memoranda, notes, correspondence, conversations, documents, contracts, diaries, records, statements, reports, photographs, computer tapes or discs, compilations, and all other recorded information, as well as anything attached, clipped or connected thereto, known to Plaintiff or her agents, whether or not such information is in the custody, possession, or control of Plaintiff or her agents, including, without limitation, her attorneys. This definition includes, but is not limited to, any drafts, duplicates or other copies of the above-defined documents.

  B. The term "documents that relate to" means documents containing, showing, relating or referring directly or indirectly to and is meant to include, among other documents, documents underlying, supporting, now or previously attached or appended to, or used in the preparation of any document called for by each request.

  C. The term "communication" means any conversation (whether face-to-face, by telephone, or otherwise), correspondence, memoranda, meeting, statement, discussion, telegram, release and other means of exchanging or imparting information.

  D. The term "Defendant" or "BHS" means the entity known as Baystate Health System's, its agents, servants, employees, representatives, affiliates and all persons or entities acting on its behalf.

  E. The term "Plaintiff" means Barbara Woods and her agents, servants, attorneys, representatives and all others acting or purporting to act on her behalf.

  F. The term "Complaint" shall mean the Lawsuit filed by the Plaintiff in the above-captioned action.

## INSTRUCTIONS

  A. If Plaintiff or any agent of Plaintiff, including her attorney, is aware of the existence of any document within the scope of these document requests, which is not within the custody, possession, or control of Plaintiff or one of her agents, please identify any such document in a written response to the request for production of the documents. In identifying a document in this fashion, it is requested that the following information be provided: the name, address and telephone number of the person who has possession, custody, or control over the document; a brief summary of the nature of the information contained in the document; the date of the document; and the name of the person who prepared the document.

  B. These Request for Production of Documents are continuing. In the event that Plaintiff or Plaintiff's attorney becomes aware of any document within the request set forth below after Plaintiff's production of documents, such additional responsive information shall be immediately furnished to Defendant's attorney.

  C. If you claim privilege for any document in response to these Requests for Production of Documents and do not produce that document, please note the nature of the privilege and identify the document so that the claim of privilege can be evaluated.

## DOCUMENTS REQUESTED

1. Provide all documents to which you referred to prepare your response to any Interrogatory contained in the Defendant's First Set of Interrogatories.

2. Provide all documents that you identified in your responses to any Interrogatory contained in Defendant's First Set of Interrogatories.

3.  Provide all documents that relate to your claim that you were discriminated against by BHS as alleged in your Complaint.

4.  Provide all documents that relate to your claim that the Defendant retaliated against you as alleged in your Complaint.

5.  Provide all documents that relate to your claim that you were defamed by anyone at Defendant as alleged in your Complaint.

6.  Provide copies of all documents that support your claim that you suffered any damages as the result of any of the actions alleged in your Complaint.

7.  For each health care professional or facility listed in your response to Interrogatory 3, provide a signed release in the form attached as Exhibit A.

8.  Provide all notes, whether handwritten or otherwise, that relate to your claims in your Complaint, including any and all notes of any communications you have had with any current or former employees of the Defendant.

9.  Provide all calendars, date books, and other scheduling or appointment records, whether written or electronic, maintained by you from January 2002 to the present.

10. Provide all diaries and personal journals maintained by you from October 2002 to the present.

11. Provide copies of all documents which relate to wages, salaries, bonuses or any other income of the Plaintiff from January 2001 to the present, including, but not limited to, state and federal income tax returns, W-2 forms, and all schedules and attachments to such documents.

12. Provide all documents which relate to Plaintiff's efforts, successful or unsuccessful, to obtain employment after her separation from employment with BHS, including but not limited to the following:  correspondence and/or communications with prospective employers; business associates or employment agencies; curricula vitae, resumes, reference letters, requests for reference letters; and applications for employment.

13. Provide all documents which relate to the compensation, benefits, terms and conditions of any employment obtained or services rendered by Plaintiff subsequent to her separation from employment with BHS, including, but not limited to, pay stubs, employment contracts and descriptions of benefit plans.

14. Copies of all documents, not produced in response to other requests herein, that support your contention that the events as alleged in your Complaint occurred.

                                     Respectfully submitted,

                                     _____
                                     Amy B. Royal, Esq.
                                     BBO No. 647175
                                     Counsel for Defendant BHS
                                     Skoler, Abbott & Presser, P.C.
                                     One Monarch Place, Suite 2000
                                     Springfield, Massachusetts 01144
Dated: April 22, 2004             Tel. (413) 737-4753/Fax: (413) 787-1941

## CERTIFICATE OF SERVICE

     I hereby certify that a true and accurate copy of the above document was served upon the pro se Plaintiff, Barbara Woods at 33 Granville Street, Springfield, MA 01109, by first-class, U.S. mail, postage prepaid, on April 22, 2004.

                                     _____
                                     Amy B. Royal, Esq.