Vol. I, Pgs. 1-16

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

C.A. No. 04-30010-KPN

------------------------------
)
BARBARA WOODS,            )
      Plaintiff   )
)
v.                        )
)
BAYSTATE HEALTH SYSTEM    )
      Defendant   )
)
------------------------------

DEPOSITION OF BARBARA WOODS

Tuesday, September 15, 2004

10:10 a.m.

SKOLER, ABBOTT & PRESSER, P.C.

One Monarch Place, Suite 2000

Springfield, Massachusetts 01144

- - - - - - Sandra A. Deschaine, RPR - - - - - -

COURT REPORTING SERVICES

P.O. BOX 15272

Springfield, Massachusetts 01115

(413) 786-7233   FAX (413) 786-7233 *51

Barbara Woods v. Baystate Health Systems
BARBARA WOODS  Volume I

DEPOSITION OF:  September 15, 2004

### Page 2

```
 1   APPEARANCES:
 2   SKOLER, ABBOTT & PRESSER, P.C.
 3     Jay Presser, Esquire
 4     One Monarch Place, Suite 2000
 5     Springfield, Massachusetts 01144
 6     (413) 737-4753
 7     on behalf of the Defendant
 8
 9   BARBARA WOODS, PRO SE
10     33 Granville Street
11     Springfield, MA   01109
12     on behalf of the Plaintiff
13
14   Also Present:  Elizabeth Blaney
15                  Baystate Health System
```

### Page 3

```
 1              I N D E X
 2   ----------------------------------
     WITNESSES:                    PAGE
 3   ----------------------------------
 4   Barbara Woods
 5     By Mr. Presser               4
 6   ----------------------------------
     EXHIBITS:    DESCRIPTION     PAGE
 7   ----------------------------------
 8   Exhibit 1   Complaint 2/21/03   11
```

### Page 4

 1   BARBARA WOODS, Deponent, having first been
 2   satisfactorily identified by the production of her
 3   driver's license and duly sworn by the Notary
 4   Public, was examined and testified as follows:
 5
 6   DIRECT EXAMINATION BY MR. PRESSER:
 7
 8   Q.   State your name for the record,
 9   please.
10   A.   Barbara Woods.
11   Q.   Ms. Woods, as you know, my name is
12   Jay Presser. I'm the attorney that represents
13   Baystate Health Systems in the legal action that
14   you have brought currently pending in the United
15   States District Court, Case Number 04-30010-KPN.
16        You are here today pursuant to a
17   Notice of Deposition so that I may ask you
18   questions that are either relevant to the case at
19   hand or which otherwise may lead to the discovery
20   of relevant information. It is not my purpose to
21   trick you or to deceive you in any way. So I
22   would ask that if at any time you do not
23   understand a question that I ask you, indicate
24   that and I will try to rephrase it in such a way

### Page 5

 1   that you're comfortable and that you understand
 2   the question.
 3        If you do answer a question, we will
 4   assume that you, in fact, understand what it is
 5   being presented to you. I would ask that if you
 6   don't hear a question, to let me know; I will
 7   repeat that. If, in fact -- there is, as you can
 8   tell, no judge at these proceedings. I would ask
 9   that if you believe a question is inappropriate,
10   without prior legal advice, it is customary for a
11   party to make an objection to the question, but
12   since there is no judge, unless you believe that
13   the matter is privileged in some way, by legal
14   privilege, that even if you object to a question,
15   you are obligated to go ahead and answer that
16   question.
17        I can inform you that I will do my
18   utmost not to ask questions that I believe are
19   privileged or which a witness would, even if
20   counsel were present, if they were represented,
21   that the witness would really have an opportunity
22   or privilege not to answer. And in doing so, I
23   inform you that should you choose to answer a
24   question, even after filing an objection that I

Page 6

1  believe is appropriate, I would reserve the right
2  to seek sanctions from the court, which will be
3  within the discretion of the court but might
4  include certain penalties, including an order to
5  answer the question, certain fines to compensate
6  for the court reporter and/or, actually, if
7  egregious enough, action relating to dismissal of
8  the case. That would always be up to the
9  discretion of the trial court. That is fairly
10 customary procedure, that even if there are
11 questions that you are not pleased to answer in
12 any fashion, witnesses generally have an
13 obligation to do so, unless, for example, it
14 pertained to a questioned that was dialogue with
15 an attorney, and as I said before, it would be my
16 plan not to ask questions that would intentionally
17 solicit any privileged information.
18       Part of the purposes of a deposition
19 is to test your actual memory of certain events,
20 and I would, therefore, ask that before you
21 respond that you do not recall to any question,
22 that you search your memory sitting here today and
23 give as complete an answer as you can, even if
24 it's only a partial response. And you can

Page 7

1  certainly qualify your response in any way you
2  deem appropriate so that your answer is accurate
3  to the best of your recollection sitting here
4  today. If you answer you don't recall to a
5  question, it will be taken to mean that you have
6  absolutely no recollection of events that would be
7  responsive to the question that's pending before
8  you.
9        If at any time you need a break, to
10 go to the ladies room or physically to stretch,
11 let me know, and we'll do our best to accommodate
12 that following the completion of any answer that
13 might be pending before you. I would ask, for the
14 sake of the record, as you can tell, there's a
15 stenographer writing down everything who will make
16 a record of this questioning, that even when you
17 anticipate what I am going to say or my question
18 is going to be, that you refrain from answering or
19 stating anything until I have finished speaking
20 and then you may speak, so she can take down one
21 person at a time. It gets very confusing on the
22 record and very difficult for a stenographer if
23 more than one person is talking at a time, and I,
24 for my part, will try to do the same.

Page 8

1        If at any time I've cut you off
2  before you have fully answered a question that I
3  have presented to you, I apologize in advance. It
4  is not my intention to do so. Please let me know,
5  and I will give you every opportunity to answer
6  that question that has been presented so that you
7  feel that you have presented an accurate response
8  to that question. I would ask that if you -- that
9  all responses are verbal. You can't shake your
10 head auh-huh. The court reporter, again -- and
11 that's sort of common for witnesses during the
12 course of deposition, if I do not have to remind
13 you of that during the course of this deposition,
14 you're probably the first witness that I have not
15 had to remind during the deposition that you need
16 to answer the question verbally as opposed to
17 nodding your head or making some casual remark, as
18 is commonplace in everyday usage but is
19 inappropriate in the setting of a deposition.
20       Now, when the deposition is
21 completed, the court reporter will prepare a
22 record of this proceeding and you have a variety
23 of options. Two options, basically. You have the
24 right to read that record, make arrangements to

Page 9

1  either go to the court reporter's office when it's
2  completed or to my office or to purchase it, if
3  you prefer, to review that record and prepare what
4  they call an errata sheet, with any changes to the
5  transcript that you think inaccurately reflect
6  what you stated here today. If you don't want to
7  bother to do that or go through that exercise,
8  you're entitled to waive your right and rely upon
9  the stenographer making an accurate record today.
10 Do you understand those two options?
11    A.  Yes.
12    Q.  I'll ask you on the record, for the
13 stenographer, she needs to know. Do you wish to
14 waive your right to read the record, or would you
15 prefer when the stenographer is done making a
16 transcript to actually review the document and
17 prepare an errata sheet?
18    A.  I prefer the second.
19    Q.  Okay. When you're notified that the
20 record is prepared, and that may take several
21 weeks, depending on the length of this and on the
22 caseload or workload of the stenographer, I think
23 you have thirty days from notification that the
24 record is ready to make arrangements to do that

Page 10

1 and complete the correction sheet. Otherwise, the
2 transcript is deemed to be accurate as is. You'll
3 receive notification that the transcript will be
4 available for you to inspect and then you can make
5 arrangements to go ahead and do that. Do you have
6 a question about the instructions I've just given
7 you?
8     A.  Did you mention a fee for this?
9     Q.  There is a fee for this only if you
10 wish to purchase a copy of the transcript. You do
11 not have to do so. I don't know how much that fee
12 is. You can deal with the stenographer on your
13 own and decide whether you just want to review it
14 or whether you want a copy of it. I'm not
15 involved in that. I'm just indicating that as an
16 option that you may have. Some people do buy
17 transcripts. Some people do not buy transcripts.
18 Again, I leave that before you and the
19 stenographer to work out during the break or at
20 the end of the deposition, at which time she might
21 be able to give you a better idea. There is no
22 fee to give the deposition.
23     A.  There's no fees, no mileage, no
24 witness fees for --

Page 11

1     Q.  Not as a party. You're a party to
2 the suit and you have an obligation to give your
3 testimony when you receive a Notice of Deposition.
4 There's a mileage fee in line for non-party
5 witnesses.
6         Do you have any questions regarding
7 the instructions that I have given you to date?
8     A.  Not at this time.
9         MR. PRESSER: We'll mark this,
10 please.
11         (Woods Exhibit 1, Marked for
12         identification.)
13 BY MR. PRESSER:
14     Q.  Ms. Woods, I'll show you what has
15 been marked by the stenographer in this case as
16 Exhibit Number 1, and it appears to be a charge of
17 discrimination that was filed with the
18 Massachusetts Commission Against Discrimination.
19 Can you look at that for a moment, please?
20         (Witness reviewing document.)
21     Q.  Can you identify what this document
22 is?
23     A.  The document is a Complaint that I
24 filed back in December, shortly after, at the

Page 12

1 MCAD.
2     Q.  And is this document the one and only
3 charge of discrimination that you filed with the
4 MCAD against my client?
5     A.  Could you rephrase that for me?
6     Q.  Did you ever file any other charges
7 of discrimination against Baystate Medical Center
8 or Baystate Health Systems?
9     A.  I think the record speaks for itself.
10     Q.  Ma'am, you may believe certain
11 records speak for itself, certain documents, but
12 that doesn't relieve you of an obligation to
13 answer questions here. So we're going to have to
14 go through some of your responses of discovery.
15 I'm going to be asking you questions. As I said,
16 you have an obligation to answer them today as
17 best you can, and indicating that the record
18 speaks for itself is not a response. You have to
19 give your best knowledge, sitting here today, to
20 the question as to whether you filed any other
21 charges of discrimination with the MCAD against
22 Baystate Medical Center or BHS, other than Exhibit
23 Number 1.
24     A.  At this time, I would like to move

Page 13

1 for a protective order. I don't appreciate
2 Attorney Presser's tone, so I'd like to end these
3 proceedings.
4     Q.  Well, ma'am, just so you know, you
5 need to move for protective order, that's not with
6 the stenographer, you'll have to go to Federal
7 Court for them.
8     A.  I am. Thank you for the water.
9         (Whereupon the deposition was
10         suspended at 10:40 a.m.)

Page 14

```
 1  COMMONWEALTH OF MASSACHUSETTS
 2  Hampden SS.
 3        I, Sandra A. Deschaine, Registered
    Professional Reporter and Notary Public within and
 4  for the Commonwealth of Massachusetts at large, do
    hereby certify that the deposition of Barbara
 5  Woods, in the matter of Barbara Woods vs. Baystate
    Health System, at the Law Offices of Skoler,
 6  Abbott & Presser, P.C., One Monarch Place,
    Springfield, Massachusetts on September 15, 2004,
 7  was taken and transcribed by me; that the witness
    provided satisfactory evidence of identification
 8  as prescribed by Executive Order 455 (03-13)
    issued by the Governor of the Commonwealth of
 9  Massachusetts; that the transcript produced by me
    is a true record of the proceedings to the best of
10  my ability; that I am neither counsel for, related
    to, nor employed by any of the parties to the
11  action in which this deposition was taken, and
    further that I am not a relative or employee of
12  any attorney or counsel employed by the parties
    thereto, nor financially or otherwise interested
13  in the outcome of the action.
14
15    Sandra A. Deschaine        DATE
16    Registered Professional Reporter
17
18
19
20
21
22
23
24
```

COURT REPORTING SERVICES
P.O. Box 15272
Springfield, MA  01115
(413) 786-7233

September 15, 2004

Barbara Woods
33 Granville Street
Springfield, MA 01109

Dear Ms. Woods:

The transcript of your deposition taken on September 15, 2004, has been completed. Please contact the offices of Court Reporting Services at the above number if you wish to purchase a copy. If you do not wish to purchase a copy, you may contact our office to come in to read and sign your deposition transcript.

The Massachusetts Rules of Civil Procedure allow for thirty days to read and sign your deposition transcript after receipt of its completion.

Sincerely,


Sandra A. Deschaine
Registered Professional Reporter

Page 15

```
 1           BARBARA WOODS
 2       SIGNATURE PAGE/ERRATA SHEET
 3  PAGE LINE    CHANGE OR CORRECTION AND REASON
 4  ____|____|_____
 5  ____|____|_____
 6  ____|____|_____
 7  ____|____|_____
 8  ____|____|_____
 9  ____|____|_____
10  ____|____|_____
11  ____|____|_____
12  ____|____|_____
13  ____|____|_____
14  ____|____|_____
15  I have read the transcript of my deposition taken
16  on September 15, 2004, except for any corrections
17  or changes noted above, I hereby subscribe to the
18  transcript as accurate record of the statements
19  made by me.
20  Signed under the pains and penalties of perjury.
21  _____DATE_____
       Barbara Woods
22
23
24
```