UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BARBARA WOODS,<br><br>                 Plaintiff,<br><br>vs.<br><br>BAYSTATE HEALTH SYSTEM,<br><br>                 Defendant. | CIVIL ACTION NO. 04-30010-KPN<br><br>**AFFIDAVIT OF JAY M. PRESSER IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

      I, Jay M. Presser, under the pains and penalties of perjury, do hereby state that I am labor and employment counsel for the Defendant, Baystate Health System, and have represented them in the above-captioned matter.

1. Attached hereto as Exhibit 1 is a true and accurate copy of Exhibit 6, copy of Offer of Employment Letter, from Plaintiff, Barbara Woods', deposition.

2. Attached hereto as Exhibit 2 is a true and accurate copy of Exhibit 7, Introductory Period Policy, from Plaintiff, Barbara Woods', deposition.

3. Attached hereto as Exhibit 3 is a true and accurate copy of Exhibit 17, Disciplinary Notice - termination, from Plaintiff, Barbara Woods', deposition.

4. Attached hereto as Exhibit 4 is a true and accurate copy of Exhibit 11, Note of November 21, 2002 regarding October 23, 2002 comment by Don Potter about plaintiff's brother, from Plaintiff, Barbara Woods', deposition.

5. Attached hereto as Exhibit 5 is a true and accurate copy of Exhibit 3, Note signed November 27, 2002 regarding October 23, 2002 comment by Don Potter about Plaintiff's brother, from Todd Bailey's deposition.

6. Attached hereto as Exhibit 6 is a true and accurate copy of Exhibit 4, November 19, 2002 statement from Ann Gamble, from Todd Bailey's deposition.

7. Attached hereto as Exhibit 7 is a true and accurate copy of Exhibit 10, Note regarding Caroline Anzeze's latex glove brushing plaintiff, from Plaintiff, Barbara Woods', deposition.

8. Attached hereto as Exhibit 8 is a true and accurate copy of Exhibit 2, Handwritten complaint from Operating Room Nursing Staff, from Todd Bailey's deposition.

9. Attached hereto as Exhibit 9 is a true and accurate copy of Exhibit 7, November 24, 2002 note regarding incident on plaintiff's first night of training in the emergency department, from Plaintiff, Barbara Woods', deposition.

10. Attached hereto as Exhibit 10 is a true and accurate copy of the Charge of Discrimination filed by the Plaintiff, Barbara Woods, with the Massachusetts Commission Against Discrimination.

11. Attached hereto as Exhibit 11 is a true and accurate copy of Exhibit 11, Notes regarding November 27, 2002 meeting between Todd Bailey, Burt Alves and Barbara Woods, from Todd Bailey's deposition.

12. Attached hereto as Exhibit 12 is a true and accurate copy of Exhibit 10, November 27, 2004 Disciplinary Notice for insubordination, from Todd Bailey's deposition.

13. Attached hereto as Exhibit 13 is a true and accurate copy of the Massachusetts Commission Against Discrimination's Dismissal and Notification of Rights.

14. Attached hereto as Exhibit 14 is a true and accurate copy of the Massachusetts Commission Against Discrimination's order sustaining its original LOPC finding.

15. Attached hereto as Exhibit 15 are true and accurate copies of excerpts from the October 1, 2004 continuing deposition of Plaintiff, Barbara Woods.

16. Attached hereto as Exhibit 16 are true and accurate copies of excerpts from the October 29, 2004 continuing deposition of Plaintiff, Barbara Woods.

17. Attached hereto as Exhibit 17 are true and accurate copies of excerpts from the November 2, 2004 continuing deposition of Plaintiff, Barbara Woods.

18. Attached hereto as Exhibit 18 are true and accurate copies of excerpts from the September 24, 2004 deposition of Moira Plummer.

19. Attached hereto as Exhibit 19 are true and accurate copies of excerpts from the September 27, 2004 deposition of Todd Bailey.

20. On November 9, 2004 this court issued the following order:

*Accordingly, the court ALLOWS Defendant's request for sanctions as follows: Plaintiff shall either provide Defendant a sworn affidavit by November 17, 2004, containing the following information regarding her sister-in-law -- her name, address and place of employment at the time of the incident in question -- or be barred thereafter, either in response to a motion for summary judgment or at trial, from claiming any justification for having left a meeting with Mr. Alves early. So ordered*

Defendant has not received such sworn affidavit.

I have read the above and swear that it is true

_____
Jay M. Presser

On this 10th day of December, 2004, before me, the undersigned notary public, personally appeared Jay M. Presser, proved to me through satisfactory evidence of identification which is that he is this notary public's employer, to be the person whose name is signed on the preceding or attached document in my presence.

_____
Notary Public: Ann-Marie Marcil
My Commission Expires: March 24, 2011

ANN-MARIE MARCIL
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
MY COMMISSION EXPIRES ON MARCH 24, 2011