UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

BARBARA WOODS,

    Plaintiff,

vs.

BAYSTATE HEALTH SYSTEMS,

    Defendant

Case No.: CIVIL ACTION NO.04-30010-KPN

PRO-SE PLAINTIFF MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT MOTION FOR SUMMARY JUDGEMENT

## Introduction

On February 21,03 Plaintiff filed a discrimination charge and retaliating charge against the defendant And as amended sex discrimination for opposing for What I believe to be a racial motivated comment and Sex discrimination in violation of M.G.L. 151b and the Civil rights acts of 1964 Title Vll. Plaintiff began Her employment on October 21, 02 Donald Potter a 6th month employee was assigned by Lead Custodian Moira Plummer to train the Plaintiff around 4 am Potter blatantly states Here comes your ugly brother (in referring to Daniel Woods who is Black. (please see Exhibit A.

## The Instant Case

The defendant has moved for summary Judgment In a case Pending in this court Judge Ponser has ruled that a Racial slur about minority's can be used as evidence

For trial. Certainly in this instant case referring to black people as ugly has an inference to discriminate And created a hostile work environment Please refer To Baystate rules Exhibit B. The governing law permits A District court to grant a summary judgments motion only when the pleadings depositions answer to interrogatories and admission on file together with Affidavits show that there is no genuine issue as to any material fact, a disputed factual matter is a genuine issue if the evidence is such that a reasonable jury could retain a verdict for the non-moving party. In Matthew E. Jackson Jr. Vs University of Pittsburgh The Court of Appeals Judge Leon Higginbotham held that It was the opinion of the court that at the summary judgment stage all that is required for a non-moving party to survive the motion is that sufficient evidence Supporting the claim factual dispute be shown to require a jury of judge to resolve at trial, the parties differing version of the truth First Nat'l Bank of Ariz.v Cities Servs Co. 391 U.S. 253,288-289, 88 S.Ct.1575,1592,20 L.Ed 2d 569 1968. Further because Intent is a substantive element of this cause of action generally to be inferred from the facts and conduct of the parties -the principle is particularly apt that courts should not draw factual inferences in favor of

the moving party and should not resolve any genuine issues of credibility. Also the Court reversed the judgment for Jackson in his race discrimination suit The issue was whether the plaintiff raised a triable Issue as to whether the reason for his dismissal was because he was a poor performer or because he was black, the third Circuit found that the plaintiff deposition contained more than a scrap of evidentiary material to support his argument, it was for the judge Or jury to decide whether his testimony was credible. The court also held in Jackson v University of Pittsburgh, when the defendants argue orally before The court that a discrimination Plaintiff must offer Some evidence other than his or hers own subjective Belief, or put on at least one other witness than Himself before his or her case can survive motions for summary judgment, the court rejected this argument And stated, There is simply no rule of Law that provides that a discrimination plaintiff may not testify in his or her behalf or that such testimony Standing alone can never make out a case of discrimination that will survive a motion of summary Judgment. See J.E. Mamiye & Sons Inc. Fidelity Bank 813 F.2d 610,617 (3d Cir.1987) where "reasonable minds could differ " ..an issue of material fact remains..

for the trier of facts. In Miller v Fairchild Indus, Inc 797 F2d 727,732 (9th Cir. 1986) race discrimination case plaintiffs relied upon evidence including their Declarations to survive summary judgment motion. In Walters v President & Harvard College 645 F. Supp. 100, 102 (D. Mass 1986) plaintiff contentions placed the underlying facts sufficiently in question that summary judgment is not warranted. Please see Plaintiff Ex.C affidavits a lost record of her redirect in November Has also concluded that the summary judgment procedure Should not be used as a device to deprive a person from Trial,In a complex case as Poller v CBS as in this case The defendants moved for summary judgment The Supreme Court in a five-four decision written by Justice Clark Reversed with language that undermined the use of summary judgment in complex cases in general and especially in cases in which motive and intent play leading roles, the court stated that summary procedures Should be used sparingly in complex cases where motive And intent play leading roles, the proof is largely in the hands of the alleged persons and hostile witnesses Thicken the plot, it is only where witnesses are present and subject to cross-examination that their Credibility and the weight to be given their testimony can be appraised, Trial by affidavit is no substitute

For trial by jury which have so long been the hallmark of even- handed justice 368 U.S. at 473. What is the intent and motive of the defendant management and employee the defendant attempts to cover-up the racial Motivated comment by alleging he was joking, and that Daniel Woods and potter often joked around with each Other during the course of the night and that they were Friends. Please see exhibit d pg.2 respondent statement Position sent to the MCAD by Elizabeth Blaney. The defendant alleges that the Plaintiff brother was the Originator of a comment calling Dan-Don and Don -Dan When if all fairness the Lead trainer Moira Plummer was The originator of this comment. Please see Exhibit e Plummer deposition cross by Atty Presser page 52 also Please Plummer deposition page 15-16. Management continue their cover-up Bailey Supervisor of the Operating Rooms states in his deposition page 32-34 That Potter and Plaintiff Brother were friends and often seen each other and joked. Please see affidavit Of Daniel Woods which support different facts. Herein Is a factual matter in dispute. In Ramseur V. Chase Manhattan Bank 865 F2d 460 (2d Cir 1989) vacated the district courts granting of summary judgment in favor of defendant employer in a civil race case action the second circuit noted that the district court did not

Refer to the evidence (affidavits) adduced by the plaintiff in opposition to the defendants motion for Summary judgment and did not appear to have drawn Any inferences in plaintiffs favor (non-moving party) Plaintiffs assertions of material factual dispute were Explicit and detailed, not vague and in several instances the inferences for which the plaintiff argued Could be drawn from defendants own documents the court held that when inferences are drawn in the plaintiff favor, there were genuine issues of material fact.

WHAT IS THE INTENT AND MOTIVE OF MANAGEMENT?

It the plaintiff contention that management motive Was retaliation.

1. The racial comment was stated in October
2. management revisit the racial comment again in November Please see Exhibit A.

Potter continue his discriminatory ways by feeding management with false information that the Plaintiff Was running calling him prejudice, In Wallace v Pnuematic Inc 103 F3d 1394,1400 7th (Cir. 1997) noting That a non-decision maker discriminatory remark might Be imputed to the employer were the plaintiff prove that the non-decision maker influenced his decision by Feeding him false information, in the instant case The defendant alleges that the Plaintiff was running

Around calling him prejudice it appear the court
Can concluded from the record that the Plaintiff
Was not favored nor well-liked so who would the
plaintiff run around and tell this to. It was the
defendant employee Potter that misled management
And created a hostile work environment.

### The Investigation by Bailey
### WHAT IS THE INTENT AND MOTIVE & OUTCOME
### OF THE MEETINGS

Meeting held in November at the end of training present
Gamble, Plummer Bailey &Plaintiff, Bailey begins
meeting by saying speak freely this will be held
confidential Plaintiff ask Miss Gamble of the
accusation about what Bailey imply that she told
Him that I told her that potter was prejudiced Miss
Gamble admits that I never told her that, Miss Plummer
Admits Potter is saying that. Moira Plummer Lead
Defends Potter and restates he was joking even though
She was not present when he blatantly stated the racial
Comment. Plummer begins to cry when she admits that
She was the one that originated the comment calling Dan
Don and vice -versa. Plaintiff informs management that
Gamble area was quite dusty, Gamble attacks Plaintiff
And complain that the Plaintiff ask her one night
Whiling she was in training where she was going.

Management inform Plaintiff that He was going to
Write her-up for what Gamble said that I ask her
Where she was going, at no time in this meeting
Or others was poor work performance mention nor
Where any documents in the hands of Mr. Bailey
Please see Exhibit 1. What was the outcome for the
Plaintiff retaliation in the form of a document
That states I ask another co-worker where she was
Going, What was wrong with asking a co-worker where
Would she be for the co-worker had the keys to change
The toilet dispensers and the Plaintiff was not issued
Keys as she was in training. See exhibit d page 5
WHAT IS THE MOTIVE AND INTENT OF MANAGEMENT &OUTCOME
A second meeting held present Potter Moira Plummer
And Plaintiff Potter was allowed to jump up and down
And scream Plaintiff inform management she felt
threatened by it Management continue to show favoritism
And defend Potter by saying his upset, Bailey inform
Plaintiff that she is a over-sensitive beast and
compared to Potter a co-worker who is just upset.
Potter runs out Bailey followed, the outcome for
Plaintiff an harassing atmosphere. It is the plaintiff
Contentions that a fishing expedition continue by
Bailey, Bailey brings plaintiff brother to management
Management inform Daniel about the racial comment.

It is the plaintiff contention a total of five more
Meetings held which with more than one supervisor
It is the plaintiff contention that she felt threatened
And harassed by Bailey in this meeting and inform of it
And mentioned to Bailey that he was just harassing her
For what she believed was a racial motivated comment.
The plaintiff inform management that she would seek
Outside help, Plaintiff tried to receive assistance
From Burt Alves in one of the meetings Please see
Exhibit 2.

## The instant Case

The plaintiff has established her case in White v New
Hampshire dept of correction the court refuse to impose
upon the district courts a rigidly formalist view of
McDonnell Douglas requirements as we stated in Loeb,
The Supreme Court has made it abundantly clear that
McDonnell Douglas was intended to be neither rigid,
mechanized or ritualistic nor the exclusive method of
proving a claim of discrimination Loeb,600 F2d at 1017
To adapt the defendants view would be to impose just
such a rigid mechanized ritualistic requirement on the
District courts. The defendants alleged that the
plaintiff had poor work performance Baystate at no time
Inform the plaintiff that this was indeed the case
Whiling she was employed but after they fired her

As in Jackson V university of Pittsburgh 826 F 2d 230
Where Jackson claims that Sullivan after his discharge
Began to solicit complaints about him as in the instant
Case Bailey never inform the Plaintiff that she had
Alleged work issues but in fact state that the
Plaintiff was fully and adequately trained please see
Exhibit 3, Moira Plummer lead in her deposition tells
The plaintiff she is pleased with her work, When the
Plaintiff was employed in the O.R. rooms an inspection
Of the O.R. rooms took place in which the plaintiff
Clean the room in which the managers inspected and
Manager Tim Culhane was shaking hands at the time
Clock saying we received the highest rating, In
discovery the plaintiff ask the defendant for the
Inspection document that relates to the cleaning in
October 02 or early November that defendant answer
That no such documentation exists. Please see Plaintiff
Interrogatories page 3 exhibit 4 Yet in the
depositions of Plummer and Bailey they admit that
That it does. This document if available would prove
The day of the inspection the party who clean the area
And the rating the area received if not alter it would
Also assist the factfinder if seeking the truth about
The alleged work performance, which the defendant
Alleges the plaintiff cannot prove. For this reason

The document was hidden. The Burden has been met it And should be resolved at trial, In oliver Vs Digital Equipment Corp.846 F2d 103,110 (1st Cir 1988)A showing of discharge soon after the employee engages in a protected activity is indirect proof of a casual connection between the firing and the activity because it is strongly suggestive of retaliation, Plaintiff Put management on notice in the meetings that she Would going to seek outside help, the plaintiff was fired shortly after about 7 days approximately To establish a prima facie case of retaliation a Title VII Plaintiff must prove that he or she engaged in a protected activity Plaintiff has met this burden by informing management Plaintiff informed them she had 6th months to file to suit.Please see Baystate rules Massachusetts Discrimination Laws entitled a person 6th months to file. That he or she suffered adverse employment action and adverse action is causally connected to the protected activity. Civil Rights Act of 1964 701 et.seq 42 U.S.C.A. & 200e et seq. adverse Employment actions are actionable under Title VII include demotions disadvantageous transfer unwarranted Negative job evaluations, In the instant case Bailey Retaliated against the plaintiff and discriminated against the plaintiff by calling her an over-sensitive

Creature, In Bailey deposition Bailey deny even saying The words Yet in the respondent position statement Bailey admits it partly, in exhibit d page 5 Testimony of Bailey appear not credible. It is the Plaintiff contention that the O.R. rooms had to be cleaned by 3.30 for the next dept, to set up the Doctors kit and trays In Bailey deposition on Page 7 The plaintiff ask Bailey if that Dept ever complained About the plaintiff work, Bailey response was in fact no. It appear that since that dept viewed the actual Finished product of the plaintiff they would have voice Concerns about any of the rooms being put of order or Unclean. Herein is another factual dispute In Bellissimo v Westinghouse Elec. Corp. 764 F2d 175, 179-80 (3rd Cir 1985) A plaintiff alleging a discriminatory Firing need only show that he or she was fired from a job for which she was qualified for while others not in her protected class were treated more favorably, as in The instant case with Potter. (Moira defends Potter Biased towards plaintiff)) proof of discharge will establish a prima facie showing in a title Vll suit. In EEOC v Hall Motor Transit Co. 789 F2d 1011,1015 (3d Cir 1986) an employers decision to discharge an employee may superficially appear to be justified by legitimate

business reasons and yet may have been motivated by racial prejudice in the instant case retaliation for My belief about the race comment made by Potter. The Defendant alleges that the plaintiff had no evidence Before the MCAD the plaintiff can prove she submitted Evidence but for whatever reason it was not used by The Commission Please see Exhibit 8. Is Bailey Testimony credible? Bailey admits in his deposition That he is in charge of the hiring in the O.R. Dept Yet he states that he never hired employee Robert Williams to work there. Bailey also suggest that he doesn't know How Mr. Williams became to work in that O.R. dept. IN the plaintiff interrogatories to the Defendant the plaintiff ask the question to management Who replaced the plaintiff in her position the response Was Robert Williams In Moira Plummer deposition  Lead Person when ask about Williams employ in the O.R. rooms Miss Plummer answered, he bidded out. Yet she doesn't Recall the exact reason for his departure. Unfortunately Williams didn't show for his deposition What is the intent and motive of management for cover-up this information most certainly Lead Moira Plummer Informs Bailey of issues and information about the O.R. Rooms Bailey had to Know who was employed in that dept.

The ultimate issue of discrimination raised by the parties conflicting evidence as to the defendant motive is not for a court to decide on the basis of briefs and transcript but is for the factfinder after weighing the circumstantial evidence and the assessing of the witnesses Blare v Husky Injection Molding Sys. Boston Inc 419 Mass 437,445 (1995) Which can only happen if The plaintiff is granted the right to go to trial.
In Lipchitz v Raytheon (2001) viewing the evidence In its light most favorable to the plaintiff the evidence was sufficient to support a finding that at Least one of Raytheon reason was false from which a jury could infer that the plaintiff was denied her Promotion because of her gender. In the instant case The courts can concluded that at least one of Baystate Reason are false the alleging joking . The alleged Poor work performance.
What is the intent and motivation of the nurses?
It the Plaintiff contention all throughout this Case that the nurse statement are defamation At no-Time did the Plaintiff say any rude words to the nurses In the deposition of Bailey the Plaintiff ask Bailey What rude words did the plaintiff say to them, Bailey Could not come up with one but insist that I was rude To Miss Gamble Bailey was not present but is relying

On hearsay information , The nurses write to the MCAD
That the plaintiff didn't were her work uniform
Baystate has a policy in place that they can send
You home for not complying with company rules Please
See exhibit 9 Plaintiff was never talk to about this
Alleged issue nor ever written up for it nor ever sent
Home. The plaintiff had good attendance as the
defendant stated in their motion. The defendant writes
that this is the nurses opinion but fail to state that
This opinion was written and sent to a agency that
Perhaps used it in its finding, I would like the right
To prove it false In Hicks v St. Mary Honor the
plaintiff should be given every full opportunity to
prove their case McDonnell Douglas 411 U.S. at 805 93
S.Ct. 1817 by competent evidence that her rejection was
was discriminatory. In Lipchitz v Raytheon claim that
She was passed over because she was perceived negative
Because she was a women in the instant case management
Perceived the plaintiff as negative as opposed to
Potter Management referred to the plaintiff as a over
Sensitive beast in the 2nd meeting but when speaking
About Potter Manager Bailey just simply states in his
Deposition his upset, Herein is just a glimpse of the
Retaliation and suffering that the plaintiff had to
endure at the hands of Baystate. IN Wynn&Wynn P.C. v

MCAD 431 Mass 655,669-70 (2000) it may be sufficient to permit the factfinder to conclude that at least one of the employers reason is false and therefore to support an inference that the adverse employment action was made because of discrimination .IN the instant case The racial motivated comment and the retaliation that Follows.

In conclusion the plaintiff ask the court to consider The above matter and allowed the plaintiff the right To be heard and question those same witnesses as the Defendant has, for every one should have the right to face their accusers.

                    Humbly submitted

                    *Barbara Word*
                    PRO-SE

I hereby certify that a true and accurate copy of this Motion was handed delivered to the offices of Skoler & Abbott Presser One Monarch Place Suite 2000 Springfield Mass 01109 with the expection of the deposition of Plummer and Bailey if agreed upon waiting answer