# EXHIBIT A

On 10-23-02, _Don was training a new employee (Barbara Woods) when upon seeing her brother (Dan Woods) Don made the comment to Barbara that "there's your brother's ugly mug" and was taken by Barbara to be a derogatory comment. This is to document that Don has since then apologized for his actions and has assured the management staff that comments like this would not be used again. We expressed to Don that this behavior is inappropriate and will not be tolerated in the work place. Don was also given a copy of the Operating Principles with behaviors as a development tool for future interactions.

Sincerely,

T. Bailey
11-27-02

Todd Bailey
E.S. Supervisor

Donald A J Potter 11/27/02

Don Potter
Custodian 2

EXHIBIT 3
Bailey
DATE 9-27-04
S. ROY, RPR

EXHIBIT A

11-21-02 met w/her

On 10-23-02, a comment was made by the custodian (Don Potter) who was training her when he saw her brother pass by (Dan Woods) that "here comes your ugly brother's mug" and was taken offensively by Barbara. This matter has been discussed at length by all parties involved and has come to the conclusion that the issue has been resolved.

Sincerely,

T. Bailey

Todd Bailey
E.S. Supervisor

Don't agree with Barbara

EXHIBIT 1
Bailey
DATE 9-27-04
S. ROY, RPR

EXHIBIT 14

# EXHIBIT B

# Baystate Health System, Inc.
# Policy

## Harassment In The Work Place

### I. Policy

Baystate Health System supports an environment conducive to the respectful and dignified treatment of its employees, patients, visitors, vendors and others associated with the System and an environment free from unlawful harassment, unlawful sexual harassment, or Other Harassing Behavior.

### II. Purpose

The purpose of this policy is to foster a work environment which is characterized by mutual respect among Baystate Health System's employees, patients, visitors and vendors and to provide procedures for reporting, investigating and resolving complaints of unlawful harassment based on age, color, disability, gender, national origin, race, religion, sex, sexual orientation or qualified veteran status, as well as complaints of Other Harassing Behavior, as defined below.

### III. Scope

All Baystate Health System employees, patients, visitors, vendors and others associated with the Health System and its entities.

### IV. Definitions

**Unlawful Harassment.** Verbal or physical conduct that denigrates or shows hostility or aversion toward an individual because of his or her age, color, disability, gender, national origin, race, religion, sexual orientation or veteran status or that of his or her relatives, friends, or associates; and that (1) has the purpose or effect of creating an intimidating, hostile or offensive working environment; (2) has the purpose or effect of unreasonably interfering with an individual's work performance; or (3) otherwise adversely affects an individual's employment opportunities.

**Sexual Harassment** is one form of Unlawful Harassment. Sexual Harassment is unlawful gender discrimination under federal and state law. Sexual Harassment is unwelcome conduct which involves sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when (1) submission to or rejection of such advances, requests or conduct is made either explicitly or implicitly a term or condition of employment or as a basis for employment decisions; or (2) such advances, requests or conduct have the purpose or effect of unreasonably interfering with an individual's work performance by creating an intimidating, hostile, humiliating or sexually offensive work environment.

Examples of Sexual Harassment include, but are not limited to: (1) explicit or implicit demands for sexual favors in exchange for job benefits; (2) unwelcome letters, telephone calls or displays of materials of a sexual nature; (3) physical assaults of a sexual nature; (4) unwelcome and

deliberate touching, leaning over, cornering or pinching; (5) unwelcome sexually suggestive looks or gestures; (6) unwelcome pressure for sexual favors; (7) unwelcome pressure for dates; and (8) unwelcome teasing, jokes or questions of a sexual nature.

**Other Harassing Behavior.** Verbal or physical conduct which denigrates, shows hostility toward, belittles or ridicules an individual, and may not be unlawful.

## V. Procedure

### A. Unlawful Harassment

Any member of the Baystate Health System community is encouraged to promptly report any behavior perceived as Unlawful Harassment, as defined in this Policy, in writing or orally to their manager or to the individuals identified in Addendum I of this policy.

All complaints of Unlawful Harassment will be taken seriously and will be investigated promptly in a fair and expeditious manner. The investigation will be conducted in such a way as to maintain confidentiality to the extent practicable under the circumstances. The investigation will include private interviews with the person filing the complaint and with witnesses. The person alleged to have committed the unlawful harassment will also be interviewed. When the investigation is completed, the results of the investigation will be reported to the individual who filed the complaint and to the person alleged to have engaged in the conduct. If it is determined that Unlawful Harassment has occurred, Baystate Health System will act promptly to eliminate the offending conduct. Disciplinary action will be taken as deemed appropriate under the circumstances, which could include counseling, a warning, probation, suspension, transfer or termination, depending on the circumstances.

Baystate Health System will not tolerate any retaliation against anyone who in good faith reports an incident of alleged Unlawful Harassment, provides information in relation to such a report, or who cooperates in an investigation. Retaliation is viewed as a very serious violation of this policy and should be reported immediately to (1) Peter R. Luciano, Director, Employee Relations, , (2), or Elizabeth Blaney, Employee Relations Consultant, or (3) the Human Resources Consultant or Director for his or her entity (see Addendum I of this policy for contact information).

### B. Other Harassing Behavior

If any member of the Baystate Health System community is subjected to or witnesses what he or she perceives to be Other Harassing Behavior, as defined in this Policy, he or she is encouraged to promptly report the incident to his or her supervisor or manager and/or Human Resource Consultant for advice on how to proceed. A manager or supervisor receiving a report directly is to consult with the Human Resource Consultant. This is an informal process. If the supervisor or manager in consultation with the Human Resource Consultant deems it appropriate, he or she will refer the matter to Elizabeth Blaney, Employee Relations Consultant or Peter R. Luciano, Director, Employee Relations who will determine whether an investigation of the incident is warranted.

Baystate Health System will not tolerate any retaliation against anyone who in good faith reports an incident of Other Harassing Behavior or provides information in relation to such a report.

**C. False Accusations**

Baystate Health System recognizes that false allegations of harassment, as defined in this Policy, can have serious effects on innocent individuals. If an investigation results in a finding of evidence that an individual who has accused another of harassment made false allegations, the accuser will be subject to disciplinary action which could include a warning, probation, suspension, or termination, depending on the circumstances.

**VI. Directions for Contacting State or Federal Enforcement Agencies**

In addition to the complaint procedure for Unlawful Harassment, including Sexual Harassment, as defined in this Policy, an employee may file a complaint with either or both of the government agencies set forth below. The use of the Baystate Health System complaint procedure does not preclude an employee from filing a complaint with either government agency.

| Agency | Contact Information | Time Period for Filing a Claim |
|---|---|---|
| Massachusetts Commission Against Discrimination (MCAD) | 424 Dwight Street, Room 220<br>Springfield, MA 01103<br>(413) 739-2145 | Six (6) Months |
| United States Equal Employment Opportunity Commission (EEOC) | 1 Congress Street - 10th Floor<br>Boston, MA 02114<br>(617) 565-3200 | One Hundred Eighty (180) Days |

**VII. Reviewed/Approved by:** Human Resource Policy Review Committee, August 20, 1998.

**VIII. Proponent:** Director, Employee Relations.

**Approval:** [signature]

**Elliott A. Kellman**
**Senior Vice President,**
**Human Resources**

**Effective:** May 1, 1999

**Replaces:**
Policy Name: Sexual Harassment
Policy Number: P-1-m
Policy Date: 11/01/96

*BHS -HR -104*
*Addendum I*
*Annual Notice to Employees*

**BAYSTATE HEALTH SYSTEM**
**SEXUAL HARASSMENT NOTICE**

Sexual harassment in the workplace is unlawful gender discrimination under federal and state law. It is the intent of Baystate Health System to maintain a workplace free from sexual harassment. See BHS-HR-104, Harassment in the Work Place. Unlawful sexual harassment will not be tolerated. This policy applies to all employees.

Sexual harassment is defined unlawful gender discrimination under federal and state law. Sexual Harassment is unwelcome conduct which involves sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature when submission to or rejection of such advances, requests or conduct is made either explicitly or implicitly a term or condition of employment or as a basis for employment decisions; or such advances, requests or conduct have the purpose or effect of unreasonably interfering with an individual's work performance by creating an intimidating, hostile, humiliating or sexually offensive work environment.

Examples of sexual harassment include, but are not limited to: explicit or implicit demands for sexual favors in exchange for job benefits; unwelcome letters, telephone calls or displays of materials of a sexual nature; physical assaults of a sexual nature; unwelcome and deliberate touching, leaning over, cornering or pinching; unwelcome sexually suggestive looks or gestures; unwelcome pressure for sexual favors; unwelcome pressure for dates; and unwelcome teasing, jokes or questions of a sexual nature.

An employee who feels that he or she has been sexually harassed or has witnessed sexual harassment has the right and obligation to report such conduct. Each supervisor or manager who is aware of an incident of potential sexual harassment must report such conduct. Reports of sexual harassment should be made to:

| Peter R. Luciano | Elizabeth Blaney | Your Human Resource |
|---|---|---|
| Director, Employee Relations | Employee Relations Consultant | Director or Consultant |
| ~~140 High Street~~ | ~~759 Chestnut Street~~ | (see 2nd page of this notice) |
| ~~Wesson 5~~ 280 CHESTNUT ST | ~~Porter 5~~ 280 CHESTNUT ST | |
| Springfield, MA | Springfield, MA | |
| ~~794-9776~~ 794-7661 | ~~794-5749~~ 794-7660 | |

Baystate Health System will act quickly to eliminate the harassment and impose corrective action. Any employee found to have engaged in sexual harassment will be subject to appropriate corrective actions, which may range from counseling to immediate dismissal. The person reporting the complaint will be informed of the results of the investigation.

The person receiving the report will direct a prompt investigation of the complaint. Baystate Health System will make every reasonable effort to treat complaints and investigations of sexual harassment confidentially.

It is unlawful to retaliate against an employee for making a complaint of sexual harassment or for cooperating with an investigation of a complaint for sexual harassment.

Regardless of whether a complaint of sexual harassment is brought to the attention of Baystate Health System as described above, an employee who believes he or she has been sexually harassed may report such conduct to the MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION, 436 Dwight Street, Springfield, MA 01103 (413-739-2145). Reports may also be made to the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, One Congress Street, Boston, MA 02114 (617-565-3200).

63

MRJ

# EXHIBIT C

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

BARBARA WOODS,

Plaintiff,

vs.

BAYSTATE HEALTH SYTEMS,

Defendant

Civil Action No.04-30010-KPN

Affidavit of Barbara Woods

I Barbara Woods under the pains and penalties of Perjury herein state the following based on Firsthand knowledge.

At the end of my deposition with Atty. Presser I had a redirect that was not added to the record I called his office and the court Transcriber she insisted it must not have been On the record, I would like to add this as part Of the record. I hold fast to my contention that Baystate terminated me for my belief and retaliated against me for what I believed was a Racial comment. I was written up twice for a Issue with a co-worker when I told her I think That it was none of your business I received a A verbal warning for this from Mr. Alves and

In the end of Nov or early Dec, Mr. Alves told Me if I had no other issue this would be toss Out of my file, shortly after I was terminated By Bailey and Culhane manager for the same Issue I again feel it was retaliation of Bailey For he pursue the issue I had no other issue That should have led to this. I feel that this Is double jeopardy How can you receive a verbal From one supervisor for the same issue and then Turn around and receive a termination for the Same issue I believe again that I have been Treated unfairly, and discriminated against And retaliated against for my belief I would Like to ask the court to allow me in this Affidavit to supplement the record with an Affidavit from my spiritual counselor on the Basis that she had surgery on her knee and Is not able to move like she desires,

In conclusion the record that was not recorded At the end of deposition was not as long Yet I believe these are the facts, as I search Them this day

I hereby certify that a true copy will be hand Delivered to the office of Presser one Monarch

Place suite 2000 springfield Mass 01109

Humbly Submitted
Barbara Wood



JAMES F. O'BRIEN
Notary Public
Commonwealth of Massachusetts
My Commission Expires Jan 1, 2010

motion to supplement the record by affivadit of spiritual counselor - 3

UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Barbara Woods , Plaintiff, vs. Baystate Health Systems , Defendant | Case No.: Civil Action NO. 04-30010 KPN<br>Affividavit of Daniel Woods |

I Daniel Woods under the pain and penalties of Perjury herein state the following based on Firsthand knowledge.

I had an occasion to met Donald Potter upon Meeting him I greeted him once with a comment That lead Moira Plummer told me about I called Him Dan , I rarely seen Potter since we had no Other conversations that I recalled but we do Not joke nor do I consider him my friend but we Are co-workers for baystate, In October of 02 Mamagement informed me of a comment that what Said to my sister about me and ask me what Would I have done if it was personally said to Me I replied I don't what I would do it wasn't Said to me but hypothetically I could have punch

Him or laugh it off I don't know , since my Knowing of the comment Potter has not apologize To me nor explained his actions Potter and I Never socialize after work I never been to his House nor he mine.

JAMES F. O'BRIEN
Notary Public
Commonwealth of Massachusetts
My Commission Expires Jan 1, 2010