**MANDATE**

# United States Court of Appeals
## For the First Circuit

No. 05-1964

BARBARA WOODS,

Plaintiff, Appellant,

v.

BAYSTATE HEALTH SYSTEM, ET AL.,

Defendants, Appellees.

Before

Boudin, <u>Chief Judge</u>,
Torruella and Howard, <u>Circuit Judges</u>.

JUDGMENT

Entered: June 12, 2006

    Pro se appellant Barbara Woods, who is African-American, challenges the entry of summary judgment for her previous employer, Baystate Health Systems, Inc., dismissing her claims of racial discrimination, harassment, retaliation, and defamation.[1] We have reviewed the record below, employing the appropriate *de novo* standard, <u>Mesnick</u> v. <u>General Electric Co.</u>, 950 F.2d 816, 822 (1st Cir. 1991), <u>cert</u>. <u>denied</u>, 504 U.S. 985 (1992), and indulging all inferences in Woods' favor as the nonmoving party. <u>Lewis</u> v. <u>Gillette, Co.</u>, 22 F.3d 22, 24 (1st Cir. 1994) (per curiam). We affirm.

    Throughout the seven weeks Woods worked as a custodian on the night shift at the Baystate Medical Center, Woods was in conflict

---

[1] On Baystate's motion, the court had earlier dismissed the claims against three individual defendants. By stipulation, Woods' constitutional claims and her claim of intentional tort also were dismissed.

with her co-workers and supervisors. Woods attempts to cast this conflict as racially motivated, arguing that her managers hatched a "diabolical plan" to terminate her employment after she complained, on her first night, about a white co-worker's comment, "here comes your ugly brother," made when the co-worker spotted Woods' brother, who also worked at the Medical Center. Woods' managers investigated the incident, interviewed two African-American custodians who witnessed the incident, and concluded that it was not racially motivated. Nevertheless, Baystate formally reprimanded the co-worker for making an inappropriate comment in the workplace. But Baystate's response to Woods' complaint did not forestall a "cascade of misery from all directions," Mole v. University of Massachusetts, 442 Mass. 582, 602 n.17 (2004), as fellow custodians and managers alike, most of whom were African-American, asked (often in tears) to be relieved of the assignment of training or working with Woods. Meetings with Woods to discuss the numerous complaints about her were unproductive, as Woods refused to take responsibility for any problems and blamed others for treating her badly or failing to do their own work. In fact, Woods describes these meetings with her supervisors and managers as "harassment."

Initially assigned to clean the operating room and the isolation room, after receiving an unprecedented letter signed by eight operating room nurses complaining about Woods' disruptive conduct, her inability to follow instructions, her rudeness toward others, her failure to observe proper precautions, and the poor quality of her work, Baystate transferred Woods to the emergency department for a "fresh start." On her first night in the emergency department, Woods argued with the co-worker assigned to train her. When called to a meeting with her supervisors concerning this incident, Woods held up her hand to silence her manager, refused to speak with him, and walked out. Baystate issued formal disciplinary notices regarding both incidents and terminated Woods for insubordination before she completed her 90-day probationary period.

Baystate met its burden of providing legitimate, nondiscriminatory reasons for dismissing Woods. McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973). It was Woods' burden to show that these reasons were not the real reasons for Baystate's actions, but were instead a pretext for its racial discrimination against her. Woods failed to meet her burden. There is simply no evidence in the record suggesting that Baystate discharged Woods for any reason other than its stated reasons. Joyal v. Hasbro, Inc., 380 F.3d 14, 19 (1st Cir. 2004).

The district court's dismissal of Woods' retaliation and defamation claims also was correct. Woods did not meet her burden of showing that it was objectively reasonable to believe that her

co-worker's isolated comment was racially motivated, Benoit v. Technical Mfg. Corp., 331 F.3d 166, 174-75 (1st Cir. 2003), nor did she show that Baystate condoned or acquiesced in the comment. Rodriguez-Hernandez v. Miranda-Velez, 132 F.3d 848 (1st Cir. 1998). Above all, there is no basis from which to conclude that Woods was discharged because she had complained about her co-worker's comment. As for the defamation claim, Baystate was not the author of the operating room nurses' letter, which contained the nurses' non-actionable opinions, King v. Globe Newspaper Co., 400 Mass. 705 (1987), cert. denied, 484 U.S. 940, 962 (1988), and filing the letter with the Massachusetts Commission Against Discrimination, in response to Woods' discrimination complaint, was a privileged disclosure permitted in the course of a judicial or quasi-judicial proceeding.

On appeal, Woods asserts that the district court erred when it declined to appoint counsel to represent her in this matter. Appointment of counsel in employment discrimination cases is entirely discretionary. 42 U.S.C. § 2000e-5(f)(1) ("Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security."); Gadson v. Concord Hosp., 966 F.2d 32, 35 (1st Cir. 1992). There was no abuse of discretion here, particularly in view of the fact that the court granted Woods' request for waiver of payment of fees and costs pursuant to section 2000e-5(f)(1), and ordered Baystate to shoulder the entire cost of the three depositions Woods requested. There was also no abuse of discretion in the court's refusal to grant Woods' request to conduct twenty depositions at Baystate's expense, nor was there any error in the court's management of the summary judgment process.

The judgment of the district court is affirmed.

By the Court:

Richard Cushing Donovan, Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

[signature]
Deputy Clerk
Date: JUL 03 2006

By: _____
MARGARET CARTER
Chief Deputy Clerk.

[cc: Ms. Woods, Ms. Royal and Mr. Presser]